## SUPREME COURT.

### KING agt. STAFFORD AND ANOTHER.

A judge at chambers, overruling a demurrer, as frivolous, and ordering judgment, but with leave to amend, is a decision which must be appealed from as a *judgment*, not as an order.
( *This agrees with the decision in Bentley agt. Jones, 4 How. 335,*),

*General Term at Canton, Sept.* 1850, PAIGE, *P. J.,* WILLARD, HAND and CADY, *Justices.*

The defendants put in a demurrer to a complaint upon a promissory note which was overruled as frivolous on an application to a judge at chambers, and judgment ordered accordingly, but with leave to amend ( *Code,* § 247). From this judgment the defendants appealed as from an order and not as from a judgment, and gave an undertaking accordingly.

T. V. RUSSELL moved to dismiss this appeal and to correct the record. He contended that an appeal as from an order does not lie in such cases (Bentley agt. Jones et al., 4 *How. Pr. R.* 335). The plaintiff also asked leave to amend his record in relation to allowance of costs.

C. G. MYERS, *Contra.* This is a mere direction of a judge at his chambers, made in writing, and is not included in a judgment, and is therefore an order ( *Code,* § 400). It is not a final determination of the rights of the parties (§ 245). In Bentley

Mitchell agt. Weed and Weed.

agt. Jones, there were other issues undetermined, and the appeal was from a judgment upon part of the issues, and as from a judgment; so the remarks of Justice PARKER, as to the propriety of an appeal as from an order, were wholly supererogatory. There has been no trial of an issue of law or of fact, which must be at a circuit or special term (§ 251, 252, 255). Besides here is a conditional order. The leave to amend makes it conditional. It is not final.

By the Court, HAND, Justice.—We think this is clearly a judgment upon an issue of law, and not an order. It is true, the defendant had leave to amend, and if he did not, the plaintiff must have the amount assessed by the clerk upon notice. But the leave to amend did not make the judgment itself conditional, and not final. Nor is it interlocutory. It is the final action of the court in a cause, and every thing remianing to be done is merely ministerial. It is like certain decrees in chancery, which used to be deemed final, though directions were given, and a reference ordered to carry them out.

The motion must be granted. But as plaintiff asks a favor, and the question is somewhat new, neither party will have costs. Motion granted.