## SUPERIOR COURT.

SAMUEL FORD, respondent, agt. HENRY J. DAVID, TURNER, TOWNSEND & JOHNSON, appellants.

A decision at special term, overruling a demurrer to a complaint, and giving leave to answer, is an *order*, and not a judgment, while the privilege given to answer is continuing.

A decision of the general term, which merely affirms such order, is itself an *order*, when the complaint is one on which the court must subsequently decide, at special term, what is the *nature* and *extent* of the relief granted.

An appeal from such a general term decision, accompanied with the undertaking prescribed by § 334 of the Code, does not stay proceedings on the part of the plaintiff. An application for a stay in such a case, and under such circumstances, should be denied.

It is only from a general term judgment absolutely disposing of the merits of the action, *and of all questions involved in it,* that an appeal can be taken to the court of appeals.

It is the policy of the Code to allow but one appeal, in the same action, to the court of appeals, unless a new trial shall be ordered by the latter court, after a final judgment has been rendered.

*Special Term, Oct.,* 1856.

*Present,* OAKLEY, *Ch. J.,* DUER, BOSWORTH, SLOSSON *and* WOODRUFF, *Justices.*

THIS action comes before the court on an appeal, by three of the defendants, from an order denying an application, on their part, for a stay of plaintiff's proceedings pending an appeal, which has been taken by them, from a decision of the general term, to the court of appeals. The following is a brief history of the proceedings :—

*Ford* originally made *David* and *Turner* only defendants. They answered. Their answer disclosed a state of facts existing when this action was commenced, rendering it proper, in the plaintiff's view of his rights, to have *Townsend* and *Johnson* made parties, and entitling him to relief against them. An order was granted authorizing the plaintiff to make them parties by making a supplemental complaint. This was done.

VOL. XIII.                    13

Ford agt. David and others.

They severally demurred to the original and supplemental com-
plaint. Turner also demurred to the latter, and David omitted
to answer. The demurrer stated various grounds; among
others, that there was a misjoinder, and that no cause of action
against either was shown by the complaint. The complaint
sought equitable relief, viz., a judgment that David should pay
plaintiff a certain sum ; that it should be declared a lien on cer-
tain property mentioned in the complaint; and that Turner,
Townsend, and Johnson, who had been severally and success-
ively owners of such property, should be declared liable for the
same sum, and directed to pay it, on default of collecting it of
David, or out of the proceeds of such property.

The demurrers were overruled at special term in March,
1855, with liberty to answer on terms in twenty days. That
order, or decision, was affirmed, on appeal, by the general
term, in October, 1855. The time to answer having expired,
the action was noticed for trial at the March special term, 1856,
on the issues of fact ; and notice was given to the demurrants,
that at the same time application, as against them, would be
made for the relief demanded by the complaint. The action
was then tried ; the demurrants appeared, and were heard, and
various exceptions were taken by them to the proceedings then
had. The special term decided that the plaintiff was entitled
substantially to the relief demanded by his complaint.

The demurrants appealed to the court of appeals from the
decision of the general term, which affirmed the order over-
ruling the demurrer, and gave the statutory security for costs
only. They obtained an order staying proceedings, and grant-
ing time to make a case to renew the proceedings had at special
term on the trial of the action. A case was made and served,
and amendments were proposed by plaintiff. Before the hear-
ing could be had on such case, the plaintiff threatened to docket
the judgment which had been entered on the final hearing at
special term, and issue execution.

The demurrants then moved, at special term, before Mr. Jus-
tice SLOSSON, for an order staying all proceedings on the part
of the plaintiff, until the decision of the court of appeals, of the

Ford agt. David and others.

appeal from the decision of the general term.    That motion was denied, and an order to that effect entered.    From that order the demurrants appealed; and on the latter appeal this action now comes before the general term.

S. SANXAY, *for appellants.*
W. W. NORTHRUP, *for respondent.*

By the court—BOSWORTH, Justice.    If the defendants have appealed to the court of appeals from a decision from which an appeal can be taken to that court, and given security, which the statute declares shall operate as a stay, no order of this court was necessary, to prevent the plaintiff from proceeding further, pending that appeal.

It would, perhaps, be a sufficient ground on which to dispose of this appeal, that it was premature to invoke the action of the court to prevent a proceeding from being taken in the progress of the action, which, if taken, and irregular, the court would set aside.    It is not usual to obtain an order prohibiting a party from taking an irregular proceeding.

But we think the order appealed from was right on another ground:—the decision of the general term from which an appeal has been taken to the court of appeals, is an *order*, and not a *judgment*.    No appeal to that court can be had from such an order.    It is not a final order from which an appeal lies to that court.

The court of appeals will of course determine that question for itself, when a motion shall be made to dismiss the appeal, or when the argument of that appeal shall be moved.    But as this court is asked to stay proceedings, on the ground that an appeal has been properly taken, and the requisite security to effect a stay given, it must judge for itself, in disposing of the motion, whether a case is made which justifies it in interfering.

The defendants insist that the decision of the general term, from which they have appealed, is a *judgment*, within the meaning of that, and as defined by the Code.    We think that view is clearly erroneous.

Ford agt. David and others.

The decision made at special term, overruling the demurrer put in by these defendants, was an *order*, and not a judgment. (*Code*, § 349, *sub.* 2.) The decision by the general term, affirming it, was also an order as defined by the Code. (§ 400.) A judgment is " the final determination of the rights of the parties in the action. (§ 245.)

The decision on the demurrer was interlocutory. It determined the plaintiff's right to recover something, or to have some relief, and that the defendants were proper parties; but nothing as to the precise nature or extent of the relief to be granted. The opinion given may have covered more ground; but the order entered determined only that the nature and extent of the relief to be granted could only be determined by the court at special term, on notice to the adverse party, and on proof of such facts as might be necessary to enable the court to give a proper judgment. (§ 269, *and* § 246, *sub.* 2.)

The determination thus made, specifying the whole relief to be granted, and all questions involved in the action, and nothing less than that, is a judgment, as defined by § 245 of the Code.

It is only from the judgment of the general term, affirming that determination, or from a general term judgment, absolutely disposing of the merits of the action, and of all questions involved in it, that an appeal can be taken to the court of appeals. (§ 11, *subs.* 1 *and* 2; *Paddock* agt. *Springfield Fire and Marine Insurance Co.*, 2 *Kern.* 591; *Beebe & wife* agt. *Griffing*, 2 *Seld.* 465; *Swartwout* agt. *Curtis*, 4 *Com.* 415.)

Upon an appeal to the court of appeals, the clerk of the court below is required to transmit to the appellate court a certified copy of the judgment-roll. (§ 328.) This cannot be done until there is a judgment declaring the precise relief to which the plaintiff is entitled, and a judgment-roll has been filed.

By rule 2d of the court of appeals, unless the appellant cause this return to be made and filed within twenty days after perfecting his appeal, the respondent, on filing an affidavit stating when the appeal was perfected, and a certificate of the clerk that no return has been filed, may enter an order dismissing the

Ford agt. David and others.

appeal with costs. It is the policy of the Code to allow but one appeal to the same action to the court of appeals, unless a new trial shall be ordered by the latter court, after a final judgment has been rendered.

The affidavits, on which the order appealed from was made, show that on the application to the court for the relief demanded by the complaint, Townsend and Johnson appeared and were heard. That since judgment was pronounced on that application, the defendants obtained leave to make a case, and a stay of all proceedings on the part of the plaintiff, except settling, entering and perfecting the judgment. That the defendants have since served a case, to which amendments were prepared by the plaintiff.

Instead of its appearing that there are no questions in the case, which can be further litigated, except the question whether the demurrers were well taken, it distinctly appears that questions have been raised in the proceedings subsequent to the order of affirmance by the general term, that the defendants have a right to be heard in respect to those questions, and that they have initiated proceedings to obtain a further consideration of them, and that such proceedings have not been abandoned.

We are clearly of opinion, that the defendants are not in a condition to prosecute the appeal they have taken to the court of appeals.

There is, therefore, no propriety in interfering to stay the plaintiff's proceedings, in consequence of such appeal, and the order appealed from must be affirmed, with $10 costs.