---

## JAMES LEE and BENJAMIN C. LEE *v.* JAMES AINSLEE and JOHN J. HICKS.

An appeal will be entertained from an order granting judgment on account of the frivolousness of a demurrer, taken before the entry of judgment thereon.

A complaint is sufficient which alleges everything which the plaintiff would be required to prove at the trial.

In a complaint upon a promissory note, an averment that the note, " before the maturity thereof, and for value received, lawfully came into the possession of the plaintiffs," is a sufficient averment of ownership and title.

APPEAL from an order granting judgment on account of the frivolousness of a demurrer. The complaint in this case was upon a promissory note. It averred the making of the note by the defendant Ainslee, the indorsement of it by the defendant Hicks, the presentation for payment, non-payment, protest and notice thereof. The complaint did not state any delivery of the note to the plaintiffs, nor did it contain the allegation that they were the lawful owners and holders thereof, but it alleged " that said note so indorsed before the maturity thereof, and for value received, lawfully came into the possession of these plaintiffs." The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. On the plaintiffs' motion, a judgment was ordered on account of

the frivolousness of the demurrer, and from the order an appeal was taken before the entry of judgment thereon.

*Dean and Townsend*, for the appellants. The complaint does not show that the note was indorsed *to* or *delivered to* the plaintiffs or any other person. Chitty on Bills, 130 to 139; 13 How. Pr. R. 113. See *Caswell* v. *Bushnell*, 14 Barb. 395. An averment that it lawfully came into the plaintiffs' possession is not sufficient for the court to infer therefrom that they are the *owners* of the note. An allegation that the plaintiff is the owner, or some equivalent allegation, is necessary. Code, § 111; *Snyder* v. *White*, 6 How. Pr. R. 321; *Temple* v. *Murray*, ibid. 329; *Genesee Mutual Ins. Co.* v. *Monyhen*, 5 ibid. 321.

*McCunn & Moncrief*, for the respondents. I. A decision of the court, granting judgment for frivolousness of a demurrer or other pleading, is a judgment and not an order. No appeal lies from such decision. Judgment must first actually be entered before an appeal can be taken. *Bentley* v. *Jones*, 4 How. Pr. R. 335; *King* v. *Stafford*, 5 ibid. 30; *Bruce* v. *Pinckney*, 8 ibid. 397; *Lewis* v. *Acker*, ibid. 414; *King* v. *Stafford*, 6 ibid. 127; *Bauman* v. *N. Y. Central R. R. Co.*, 10 ibid. 218; *Martin* v. *Kahouse*, 2 Abbot's R. 390; § 247, Code.

II. The complaint is sufficient. (1.) It alleges:—

1. Making and indorsing of note by defendant Ainslee.

2. That defendant Hicks indorsed the same before its maturity.

3. That the note before maturity, and indorsed as aforesaid, came into the possession of the plaintiffs. This is sufficient to establish plaintiffs' title. *Taylor* v. *Carberrie*, 8 How. Pr. R. 385; *Bank of Lowville* v. *Edwards*, 11 ibid. 216; *Chappel* v. *Bissell*, 10 ibid. 274; *Mitchell* v. *Hyde*, 12 ibid. 460.

(2.) It alleges:—

1. Due presentment at maturity.

2. Non-payment.

3. Due notice of those facts to Hicks, as such indorser.

This is sufficient to hold the indorser. *Speilman* v. *Weider*, 5 How. Pr. R. 5; *Chappel* v. *Bissell*, 10 ibid. 274; *Woodbury* v. *Sackrider*, 2 Abbott's Pr. R. 402; § 162, Code.

(3.) It alleges that the whole of said note is due, no part thereof having been paid. This is sufficient to admit evidence of that fact.

III. The complaint, stating a cause of action against defendant Ainslee, cannot be held bad on joint demurrer by both defendants, upon the ground that it does not state facts sufficient to constitute a cause of action. *Woodbury* v. *Sackrider*, 2 Abbott's Pr. R. 402.

INGRAHAM, FIRST JUDGE.—This is an appeal from an order granting judgment for the frivolousness of a demurrer.

It is objected that the judgment must first be entered before an appeal can be taken, but we have been in the practice of treating such appeals as properly from an order, and that to review it, we could do so as an order, and not as upon a judgment. There have been various and conflicting decisions on this point. I see no harm to arise from adhering to our former practice, and to the losing party the expense is less.

Whether or not the complaint is good, depends upon the answer to the question, whether it contains allegations of everything that the plaintiff would have to prove on the trial to sustain his action.

In such an action he must prove his possession or title, the signature of the makers and indorsers, the demand and notice of non-payment, and the amount due thereon for principal and interest. These facts would entitle the plaintiff to recover, and they are all averred in the complaint. It is not necessary for the plaintiff to aver that the payee delivered the note to him, under the present system of pleading. He is required to state the facts as they exist, and the old system of pleading which allowed the truth to be shown under a fictitious statement can no longer be required.

The cases referred to all assume that the allegation in the

complaint, that the plaintiff is the lawful holder of the note, when denied, forms a material issue. The words used in this complaint are, that the note lawfully came into the possession of the plaintiffs *for value received.* This is equivalent to the other form of alleging title. The demurrer, admitting that the note came lawfully to the plaintiffs' possession for value received, admits thereby title.

We think the demurrrer is frivolous, and that the complaint shows a good cause of action.

Order appealed from affirmed.