## WITHERHEAD *vs.* ALLEN and others.

A decision by a judge at chambers, under section 247 of the code, upon the frivolousness of a demurrer, is a judgment upon an issue of law, and not an order simply, from which alone an appeal can be taken.

An appeal may now be taken from such decision, as an order, if brought within the time allowed by section 349 of the code. If not, and judgment be entered, then it can only be appealed from as a judgment.

On a motion, at chambers, under section 247 of the code, the judge has power to make either an absolute or a conditional order, precisely as at a special term.

If the order or judgment is erroneous, in directing the amount for which judgment shall be entered, the judgment will only be irregular, and may be corrected or set aside on motion; but it cannot be reviewed on appeal to the general term.

Where, in an action against ten persons as members of a joint stock company or association, the complaint averred that the defendants were all shareholders in said association, during the year 1857; that while they were such shareholders, the company became indebted to the plaintiff, for goods sold to the association, to the amount of $162.51, and an action was commenced, on such demand, against the association, by the service of a summons and complaint personally, on its president; judgment obtained for $178.12 dam-

ages and costs; and execution issued and returned unsatisfied; *Held* that this was a good complaint, and contained all the facts necessary to show a good and perfect cause of action against the defendants ; and that a demurrer for insufficiency was clearly frivolous.

*Held also,* that the court was authorized to render judgment against those defendants who joined in the demurrer. without including those with whom they were impleaded.

The recovery of a judgment against a joint stock association merges the original debt, and after redress has been sought by the creditor against the property of the association, and has failed, the shareholders become liable for the amount of the judgment, including the costs incurred in obtaining it.

The case of *Bailey* v. *Bancker*, (3 *Hill,* 188,) so far as it relates to the liability of shareholders for the costs of obtaining judgment against an association, must be regarded as limited to the particular statute then under consideration.

On appeal from a judgment for the plaintiff on account of the frivolousness of the demurrer to the complaint, that is the only question which can be reviewed. The extent of the defendant's liability does not arise.

THIS was an appeal from a judgment entered in pursuance of an order made by a justice of the court at chambers, directing judgment for the plaintiff on account of the frivolousness of the demurrer, under section 247 of the code. The action was against ten defendants, and the complaint averred that said defendants, during the year 1857, were members of, and stockholders in, a joint stock company or association, known as the " Ontario and St. Lawrence Steam Boat Company." That during and before October, of that year, and while the defendants were members thereof, the said company became indebted to the plaintiff, for goods sold and delivered, to its officers and agents, for its use and benefit, in the sum of $162.51. That on the 26th November, 1857, the plaintiff commenced an action against said company, in the supreme court, by the service of a summons and complaint, personally, on Samuel Buckley, its then president. That judgment was entered in said action in favor of the plaintiff, on the 26th day of December, 1857, for $165.23 damages, and $12.89 costs, in the clerk's office of St. Lawrence county ; execution issued on the same day, to the sheriff of said county, and that the same had been returned wholly unsatisfied. Wherefore, the plain-

tiff demanded judgment for $178.12, with interest and costs. The defendants, Allen, Averell and Seymour, demurred to this complaint, and assigned as ground of demurrer, that said complaint did not state facts sufficient to constitute a cause of action.

The plaintiff moved for judgment, before a justice at chambers, on account of the frivolousness of the demurrer, under § 247 of the code. The motion was granted, and final judgment ordered, for the sum demanded in the summons, with interest, to be computed by the county clerk, with the legal costs and disbursements, previous to notice of trial, and $10 costs of motion.

' *Magone & Partridge,* for the plaintiff.

*Myers, Westbrook & Edick,* for the defendants.

*By the Court,* JAMES, J. It is first insisted, that " the order directing *final judgment,* is erroneous ; that the judge has only power to adjudge the demurrer frivolous, leaving the parties precisely as if no pleading had been interposed."

Whether a decision, under § 247, is an order or judgment, has given rise to many conflicting opinions, as well as adjudications, both at special and general terms. The better opinion seems to be, and the majority of cases so hold, that such a decision is a judgment upon an issue of law, and not an order simply, from which alone an appeal can be taken. (*King* v. *Stafford,* 6 *How. Pr. Rep.* 127. 5 *How.* 30, 247. 6 *id.* 21. 7 *Barb.* 581. 7 *How.* 396.) Many of the cited decisions arose on appeals as from an order, under § 349 of the code, and before the last amendment of that section. In those cases it was held, that such decision could not be appealed from as an order, but only as a judgment, after it had been entered. The amendment, in 1852, in express terms, gives an appeal from an order, made at special term, or by a single judge, when it sustains or overrules a demurrer. So that an appeal may now be taken from such decision, as an order, if brought within the

time allowed by § 349. If not, and judgment be entered, as in this case, then it can only be appealed from as a judgment.

On a motion, at chambers, under § 247, whether it be called a trial, motion, or application, there is no doubt of the authority or power of the judge, to make either an *absolute* or *conditional order*, precisely as at special term. (*Witherspoon* v. *Van Dolar*, 15 *How*. 266.) As is there said by Justice Smith : " The power to hear the motion necessarily includes the power to make such a decision upon it as the court would make in term—just such an order and decision as the justice of the·case requires." The power of the *court*, to direct the judgment which should be entered, was never doubted ; and yet, the object, intent and purpose of § 247 was to vest in a judge, at chambers, the same power where a frivolous plead-ing was interposed, and it authorizes him to direct judgment, where it could be done without a reference. It would be ab-surd to say, that on a motion for judgment, the judge could not assess the damages in an action arising on contract, or on a note, bond or judgment ; but that it must be referred to the clerk. If the order, on the motion for judgment, failed to di-rect the amount, then the damages would have to be assessed as in § 246, upon notice to the defendants' attorneys ; the de-murrer being regarded as an appearance. Such is the decision in *King* v. *Stafford*, (5 *How. R.* 30,) and no more. This view does not conflict with the decision, in the case of the· *Western Rail Road Co.* v. *Kortright*, (10 *How.* 457,) so far as that· decision has application to the point then before the court for adjudication ; and but slightly with that part of the opinion which is *obiter*.

If the order for judgment is erroneous, in directing the amount for which judgment should be entered, the judgment can only be irregular, and may be corrected or set aside on motion, as°in *King* v. *Stafford*, (5 *How. Rep.* 30.) It cannot be reached on this appeal, because that is not the question which was before the court, nor according to the defendants' theory, upon which it has the right to adjudicate. If the

question before the court was simply the frivolousness of the demurrer, the appeal only brings up for review the correctness of the decision upon that question. Unless the court, or judge, had the power on such an application to assess the damages, in cases like the present, the order is simply informal, the judgment entered upon it irregular, and would be set aside on motion, but is not reached, nor can it be reviewed, on this appeal.

Was the demurrer frivolous ? This presents the question, whether the complaint states facts sufficient to constitute a cause of action. By the act of 1849, any joint stock company or association, consisting of more than seven persons, may sue or be sued, in the name of its president or treasurer, and process in any action be served upon either of them. (*Laws of* 1849, *p.* 389, § 1.) This act, as amended in 1853, enacts as follows : " Suits against any such joint stock company or association, in the first instance shall be prosecuted in the manner provided in section 1, of the act of 1849 ; but after judgment shall be obtained and execution issued thereon shall be returned unsatisfied, in whole or in part, suits may be brought against *any* or *all* of the shareholders or associates, individually, as now provided by law." (*Laws of* 1853, *p.* 283.) This action was against ten persons as defendants. The complaint averred that they were all shareholders in said association, during the year 1857 ; that while they were such shareholders, the company became indebted to the plaintiff, for goods sold said association, to the amount of $162.51 ; that while they were such shareholders, an action was commenced on such demand against the said association, by the service of a summons and complaint, personally, on its president ; judgment obtained for $165.23 damages, and $12.89 costs, in all, $178.12 ; execution issued and returned unsatisfied. This certainly was a good complaint, and contained all the facts sufficient to show a good and perfect cause of action against the defendants. A demurrer, for insufficiency, was therefore clearly frivolous.

It is, however, insisted, and made one of the points, that

" there was no right of severance in taking judgment; it should have been against all, or none, of the defendants sued." If by severance, is meant entering judgment against those defendants who joined in this demurrer, and not against the others with whom they were impleaded, that question does not arise on this appeal; it is but an irregularity which can only be reached by motion to set aside the judgment. But such judgment would seem to be authorized both by the acts of 1853, above cited, and § 274 of the code. The act of 1853 declares that " suits may be brought against any or all of the shareholders, as now provided by law." The term *" any"* is not here used in its limited sense, but in its enlarged and plural sense, and is to be construed as meaning some, or an indefinite number. The code provides, that " in an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper." This has application as well to actions on joint, as on joint and several demands, and was intended as an abrogation of the common law rule. It has been held in one case, that a party could not avail himself of this provision, except through the medium of the courts. (11 *Pr. Rep.* 197.) If that be the true construction of the section, it may be said that the plaintiff in this case had such sanction.

It is also insisted, that the demurrer is not frivolous, because the complaint seeks to recover from the defendants the amount of the judgment against the association; in other words, that the defendants, as shareholders, are not individually liable for the costs in obtaining that judgment. I have already shown, that the complaint in this action was good, and the demurrer frivolous; and that was the only question before the judge below, and consequently the only one that can be reviewed on this appeal. But, in answer to the objection, it may be said, that the complaint was amply sufficient, and stated a good cause of action against the defendants. It showed an indebtedness of the company, of $162.51; it stated the recovery of

the judgment, its amount, the issuing and return of execution unsatisfied, in obedience to a statutory requirement as a condition precedent to the plaintiff's right of action against the shareholders. Here, then, was a perfect right of action stated, for some amount. Hence the demurrer was clearly frivolous. The demand for judgment being for too large a sum, did not affect the validity of the complaint. . Such is not one of the causes of demurrer allowed by the code, § 144; a demurrer for such a cause would be frivolous.

But if this were an action distinctly and alone on the judgment, ·I should still be of the opinion that the demurrer was not well taken, although I might not have held it frivolous. The act of 1853 says, " that after judgment against the company and execution issued thereon and returned unsatisfied, suits may be brought against the shareholders of such association, individually, as now provided by law." What is meant by the phrase, as now "*provided by law,*" unless it be the common law liability, to be sued as members of an unincorporated association? It has been repeatedly held, and may now be regarded as the settled law of this state, that under charters like this, the shareholders are placed precisely on the same footing as though not incorporated, answerable as partners at common law, for all debts contracted by the association. (*Allen* v. *Sewall,* 2 *Wend.* 327. *Moss* v. *Oakley,* 2 *Hill,* 265. *Bailey* v. *Bancker,* 3 *id.* 188. *Harger* v. *McCullough,* 2 *Denio,* 119. *Corning* v. *McCullough,* 1 *Comst.* 47.) Thus the shareholders are principal debtors, and the statute only suspends action against them, personally, until redress has been sought against the property of the association and has failed. If liable for the debts of the company, they are also liable for judgments recovered against it. In the language of Chief Justice Spencer, in *Slee* v. *Bloom,* (20 *John.* 669,) approved in *Moss* v. *McCullough,* (7 *Barb.* 279:) " I perceive no escape from the conclusion that the shareholders are individually liable to the same extent that the company was liable. Whatever was a debt against the company, is now a debt against them ; and

if the company itself was concluded, the respondents were equally concluded." "Unless there be fraud or mistake, the judgment against the company, or a liquidation of a debt by the officers of the company, is as obligatory upon the individual members of the association when they are sought to be charged, as it is upon the corporation itself." (*Moss* v. *McCullough*, 7 *Barb*. 290.) And this must be so, upon principle. The company has power to contract debts in the course of its legitimate business; as partners the shareholders are liable as principal debtors; but the statute makes the company property the primary fund from which payment is to be sought; to determine the company's inability, the debt must be put into judgment, &c. This merges the original debt in the judgment, and the shareholders become liable for the debt that is, the judgment; and not for the debt that was. Such is the latest rule adopted in this judicial district, upon this very question, which has never, to my knowledge, been overruled.

Upon principle and authority, therefore, the case of *Bailey* v. *Bancker*, (3 *Hill*, 188,) so far as it treats of the liability of shareholders for costs of obtaining judgment against the association, must be regarded as limited to the particular statute then under consideration. The court, in that case, placed its decision upon the express words of the act, and the judge who wrote the opinion was careful so to express it. There is nothing in this case which so limits the liability of the defendants, and hence that case is not authority for the exemption of these defendants from the full force of the judgment against the association. But as I have before said, the extent of liability does not arise on this appeal. Had the defendants appealed within thirty days, from the order, as an order, under § 349, the question might have been presented for our adjudication.

On an appeal, after judgment, from an order rendering judgment on a demurrer as frivolous, the judgment will not be reversed, unless the general term is of the opinion that the demurrer is well taken. It will not be reversed, although the

court may not think the demurrer was frivolous. (*Martin* v. *Kanouse,* 2 *Abb. R.* 327. *Laverty* v. *Griswold,* 12 *N. Y. Leg. Obs.* 316. 6 *Duer,* 688.)

Judgment affirmed.

[SCHENECTADY GENERAL TERM, January 4, 1859. *C. L. Allen, James, Rose-krans* and *Potter,* Justices.]