# POTTER *a.* CHADSEY.

*Supreme Court, First District; General Term, May,* 1863.

PROMISSORY .NOTE.—BONA-FIDE HOLDER.—PRESUMPTION FROM
POSSESSION.—NEW TRIAL.

Upon an issue involving plaintiff's title to a note in suit, the plaintiff is entitled
to have the jury instructed that the holder of a negotiable promissory note,
who produces it upon the trial, is presumed to be a *bona-fide* holder, and that
the burden of proof in this respect is upon the defendant.

The court at special term has authority to grant new trials for errors in law, com-
mitted by a judge at circuit.

Where the presumption of law is in favor of one party, it is error to refuse so to
charge, although the adverse party has already introduced evidence sufficient
to sustain a verdict overthrowing such presumption.

Appeal from an order granting a new trial.

This . action was by Caleb N. Potter against Demetrius M.
Chadsey, James R. Craig, and James H. Leeds, upon a prom-
issory note of $3,000, made by Chadsey, and indorsed by Craig
and Leeds separately. The defendants answered separately :
Chadsey denied all the allegations in the complaint except the
making of the note, and set up usury as a .defence; Craig set
up usury, and denied any transfer of the note by himself, and
denied that the plaintiff was a *bona-fide* holder of the note ;
Leeds put in a general denial. The case was tried before Mr.
Justice Leonard and a jury. The plaintiff proved the note and
protest, and notice to the indorsers, and read the same in evi-
dence, and the amount of interest, and rested. The rest of the
trial was occupied on the part of the defendants Chadsey and
Craig, in attempting to establish the usury alleged in their an-
swers, and on the part of the plaintiff in rebutting such allega-
tions. The defendant Leeds offered no evidence whatever to
rebut the plaintiff's case. The evidence on part of defendant
tended to show that the note was made to raise money on, and
that the defendant Craig was an accommodation indorser. The
plaintiff, .in reply to the evidence, offered to prove that the in-

dorser Craig was fully indemnified and secured. This was objected to by both counsel for defendants, and the objection sustained by the court, and decision excepted to by plaintiff's counsel.

The judge, in charging the jury, dwelt upon the question of the plaintiff in this case being the owner and holder of the note in question, and as to his being the *bona-fide* holder of such note, using the following language: " You must believe that this plaintiff is actually the holder and owner of this note in good faith, or else he is not entitled to recover at all. If you believe he merely holds this note to carry out Leeds' purpose, or to serve Leeds' purpose, then he is not entitled to recover at all."

In reference to this portion of the charge, the counsel for the plaintiff requested the judge to charge the jury—

1. That the legal presumption is, that the plaintiff is a *bona-fide* holder of the note in suit.

2. That the legal presumption is, that plaintiff obtained the note before due, for a valuable consideration, and that the burden of proof is on the defendants to show that plaintiff is not a *bona-fide* holder of the note.

The court refused to charge either of the above propositions, and plaintiff excepted. The jury rendered a verdict for all the defendants. The plaintiff made a case and exceptions, and moved at special term for a new trial; upon which the following decision was rendered:

MASON, J.—I cannot but think that the plaintiff was entitled to the requests which he submitted to the jury. As I understand the second request to charge, whatever may be said of the first, it was nothing more or less than a request to state the strictly legal proposition to the jury, that the holder of a negotiable promissory note, who produces it upon the trial, is presumed in law a *bona-fide* holder, and that in such cases the *onus* is on the defendants to show that the plaintiff is not a *bona-fide* holder. This the judge should have charged. (1 *Den.*, 367 ; 3 *Johns. Cas.*, 5, 259 ; 6 *Hill*, 338 ; 8 *Wend.*, 600 ; 5 *Mass.*, 399 ; 7 *Paige*, 611, 629.) The judge had just told the jury, in his charge, that unless they find that the plaintiff was actually the holder and owner of this note in good faith, he was

not entitled to recover at all. Now the jury may have thought that the plaintiff, in the first instance, was bound to prove himself a *bona-fide* holder. The request to charge was not granted.

Upon all the evidence in the case the legal presumption is, that the plaintiff is a *bona-fide* holder.

There must be a new trial for the refusal of the judge to charge as requested.

The defendants Chadsey and Craig appealed to the general term, from the order entered pursuant to the foregoing opinion.

*James W. Culver,* for the appellants.—I. The application for a new trial at special term, is a mere application to set aside the verdict as against evidence ; no other question can there be discussed, except the question of fact whether the verdict is against evidence or not. (*Code,* §§ 265, 268, 348, 349.) The scheme of the Code, as shown by all the provisions, is, that all questions which are decided by a single judge at circuit or special term, should not be reviewed by another single judge, but only by an appeal to the general term. This order having been made in violation of this practice should be set aside, and the defendants be allowed to enter judgment on the verdict, and the plaintiff, by appeal from such judgment, bring regularly before the court the question of law decided at the circuit.

II. It had been clearly shown as a fact that the note in suit was indorsed by Craig to accommodate Chadsey, and was pledged to Boyer (or Leeds) for $1,000 first, and then $300, and by Boyer or Leeds diverted under such circumstances as amounted to an unlawful conversion of the note. (Wilson *a.* Little, 2 *N. Y.,* 443; Brown *a.* Hawkins, 4 *Barb.,* 491; Wheeler *a.* Newbold, 16 *N. Y.,* 392; Stevens *a.* Marsh, 4 *Den.,* 227.) Under such circumstances, the plaintiff was not to be presumed a *bona-fide* holder of the note, but was bound to prove himself to be a purchaser without notice for value before the note became due. He could not recover, independent even of the defence of usury, without thus proving. (Case *a.* Mechanics' Banking Association, 4 *N. Y.,* 166; 1 *Abbotts' Digest,* 468, § 476; Simpson *a.* Day, 1 *N. Y. Leg. Obs.,* 46.)

III. The request was to charge the jury, in view of the evi-

dence in the case at bar, and not a hypothetical case, and the refusal was clearly right.

IV. If the party desires a charge upon a hypothetical case (if ever entitled to such a charge), he must clearly and distinctly make and define precisely what facts he assumes, and request the law he wishes the judge to charge. (Doughty *a.* Hasse, 3 *Den.*, 594; 1 *N. Y.*, 79.)

V. The note was for $3,000. Potter, the plaintiff, or Joseph L. Potter, paid $2,000 cash, and discharged an old debt for $900. This was the only consideration paid for the $3,000 note. 1. Now, in any event, the plaintiff was not a *bona-fide* holder of the note to any extent, except what he had actually paid ($2,000), the note having been unlawfully diverted. (Bay *a.* Coddington, 20 *Johns.*, 637; Vallett *a.* Parker, 6 *Wend.*, 615; Stalker *a.* McDonald, 6 *Hill*, 93; Spear *a.* Noyes, 6 *Barb.*, 445; Martin *a.* Rogers, 14 *Wend.*, 581; Clerk *a.* Phillips, 21 *How. Pr.*, 87; Duncan *a.* Jasper, *Ib.*, 344; Cardnell *a.* Hills, 23 *Ib.*, 281.) 2. And this being so, the judge was not at liberty, under the evidence, to charge as requested; and as the case stands on the undisputed evidence, the plaintiff would only be entitled to $2,000 and interest.

VI. The question whether the plaintiff owned the note, was clearly for the jury; and, under the evidence, the judge could not legally charge as plaintiff requested, because evidence had been given showing how the note had been negotiated by Leeds, and there was no further propriety for presumption: the facts appeared and must govern.

*Hervey Sheldon*, for the respondent.—I. The judge at circuit erred in refusing to charge as requested; the request became peculiarly necessary, from the language of the charge, which left the jury to guess out any state of matters they chose, without the restraint which the law necessarily placed on the case. The plaintiff was entitled to have the jury instructed as to his rights, arising from the legal presumption based on his possession of the paper, to rebut the effect of the charge, as well as to inform the jury of the law in that respect. Nelson *a.* Cowing (6 *Hill*, 336) states the law, as it now is, definitely. The authorities cited by MASON, J., are also conclusive on this point.

II. The fact that the verdict was general for the defendants

shows that the jury rendered the verdict on this very question of title to the note, and not on the defence of usury set up by Chadsey and Craig, and the only defence litigated on the trial. The answer of Leeds does not set up any defence of usury, yet the verdict is for him as well as the other defendants. There certainly was nothing in the case which would sustain a verdict in favor of Leeds.

III. The offer to prove that the defendant Craig was fully indemnified and secured for indorsing the note in suit, was improperly rejected by the court. The answer of Craig alleges that the note was made to raise money, and was indorsed by him, Craig, solely for the accommodation of Chadsey. The evidence offered was proper to rebut the allegation in the answer, and also as showing the situation of the indorser in reference to the paper in suit.

IV. The verdict might properly be set aside as against the weight of evidence.

MULLIN, J.—The proposition is so well settled by authority that it is a presumption of law that the holder of a negotiable note, is a holder *bona-fide*, for value paid, and that it was obtained by him before maturity, that it is elementary in the law of bills of exchange and promissory notes.

It was the right of the plaintiff to call upon the judge so to charge, and it was the duty of the judge to charge. In this case the judge was called on so to charge, and he refused. For this error Justice Mason granted a new trial, and, as I think, very properly.

I do not understand the defendants' counsel to dispute the correctness of the legal proposition above stated; but he insists that no such proposition could be put forth after the evidence on the part of the defence was in, which showed, or tended to show, that the plaintiff was not a *bona-fide* holder for value paid; that in this case, if the judge had so charged, it would have been equivalent to saying to the jury that notwithstanding the evidence on the part of the defence, the presumption of law still was, that plaintiff was a *bona-fide* holder for value, &c.

If the counsel is right in his construction of the request, and a charge given in conformity to it, it is quite clear that no

such proposition could ever be laid before the jury by the court.

It could only be put forth in the charge,—the charge is given after all the evidence is in,—and hence, according to the construction of the plaintiff, the jury could not be told that the law indulged in any presumption in favor of the plaintiff.

The difficulty is, the defendants' counsel misconceives the request. It was not a request to charge that the law presumed the existence of the facts stated in the offer, notwithstanding the defendants' proof; but it was, that in the absence of proof, the law indulged in the presumptions referred to, and thereby cast on the defendants the burden of disproving the facts so presumed. And it was the duty of the jury to examine the evidence in view of this legal presumption.

The learned judge who tried the cause was bound so to construe the offer, and to charge in conformity to it.

The order of the special term should be affirmed, with $10 costs.

SUTHERLAND, P. J., concurred.

CLERKE, J.—The defendants' counsel insists that a justice at special term cannot review the rulings on questions of law made by a justice at circuit, and that the only application relative to the trial, which he can entertain, is a motion for a new trial, on the ground that the verdict is against the weight of evidence, or on the ground of excessive damages or newly discovered evidence. On any other supposition, the special term sits as a court, to which there is, in effect, an appeal from the circuit, as there is from the special term to the general term, which seems to be contrary to the whole scheme of our present system. But, anomalous as it appears, sections 264, 265, recognize and allow this practice. They allow motions for a new trial to be made on a case or exceptions, as well as on the ground of insufficient evidence or excessive damages. It is another question, whether the justice at the circuit or the justice at the special term was right.

The complaint was on a note made by the defendant Chadsey, to the order of defendant Craig for $3,000, and also against Craig and Leeds as indorsers. The answers of defendants are

separate; Chadsey denying all the allegations except making the note, and setting up usury. Craig also sets up usury, and alleges that the note is an accommodation-note, and denies that the plaintiff is a *bona-fide* holder. Defendant Leeds puts in a general denial. Chadsey and Craig only defended at the trial; Leeds appearing as a witness for the plaintiff.

The defendants Chadsey and Craig adduced evidence tending to establish the usury alleged in their answers; and the plaintiff adduced evidence to rebut this allegation. The evidence also tended to show that the note was made for the purpose of raising money, and that the defendant Craig was an accommodation indorser. The plaintiff, in reply to the evidence, offered to prove that the indorser Craig was fully indemnified and secured. This was objected to by the counsel for defendants, and the objection sustained by the court, and the decision excepted to by the plaintiff's counsel.

The justice in his charge told the jury "they must believe that the plaintiff is actually the holder and owner of the note in good faith, or else he is not entitled to recover. If they believed he merely holds this note to carry out Leeds' purpose, then he is not entitled to recover at all."

The counsel for the plaintiff in reference to this part of the charge, asked the justice to charge,—

1. That the legal presumption is, that the plaintiff is a *bona-fide* holder of the note in suit.

2. That the legal presumption is, that the plaintiff obtained the note before due, for a valuable consideration, and that the burden of proof is on the defendants to show that the plaintiff is not a *bona-fide* holder of the note.

I scarcely think that the first request could have been complied with in the precise terms in which it was made. Undoubtedly, every holder of a note is presumed to be a *bona-fide* holder until the contrary be shown. But, although evidence was adduced to impeach the good faith of the plaintiff, the court is asked to charge that he is to be presumed to be a *bona-fide* holder. Evidence having been adduced on both sides, the jury were to determine this question from that evidence alone. The doctrine of presumption became inapplicable. The request seeks for the utterance of a naked abstract proposition.

With regard to the second request, if the latter part of it was

requested to be charged separately, namely, that the burden of proof is on the defendants to show that the plaintiff is not a *bona-fide* holder of the note, it would be proper; but as this, and the position that the legal presumption is, that the plaintiff obtained the note before due for a valuable consideration, constituted one request, I am inclined to think the court was not bound to charge in the manner requested. The jury had nothing further to do with presumptions, when direct and positive evidence on the points in controversy was presented to them. On this alone were the issues in this case to be determined.

The order of the special term should be set aside, without costs of appeal to either party.

Order affirmed.