Robertson, Ch. J. (dissenting.)
The first question tó be disposed of on this appeal, is whether the adjudication appealed from may be reviewed as an order and is therefore appealable under section 349 of the Code before judgment is completed, or only under section 329, when it accompanies the judgment upon an appeal therefrom. In any event it is reviewable on appeal in the same mode. (Briggs v. Bergen, 23 N. Y. Rep. 163.) It was obtained on a motion under the 247th section of the Code, and not on the trial of an issue of law upon a hearing. There is no good reason why such a decision upon a mere motion should not be as immediately appealable as if it were made upon the argument of the demurrer as an issue of law. Indeed, in two cases, (Witherhead v. Allen, 28 Barb. 661; Lee v. Ainslie, 1 Hilt. 277,) such a decision is held to be a determination of an issue of law. As, however, a motion is defined to be “ an application for an orderf (Oode, § 401, sub. 1,) the former would seem to be more properly an order, and as such appealable, because it overruled a demurrer. (Code, § 349, subd. 2.) The possibility of mistake by the court; the extent of the prejudice to the party against whom the decision is made ; and the materiality of an early determination in the action of the issues, if any, to be tried, is as great in one case as in the other.
Until 1852, no appeal lay from an adjudication overruling or sustaining a demurrer. The party prejudiced by it was obliged to wait until a formal judgment was entered, after an assessment of damages under sections 269 and 246 of the Code. In that year an amendment of the 349th section was passed, allowing an appeal to be taken from an order “ sustaining or overruling a demurrer.” Ho change was then made in regard to the phraseology of any former provision of the Code, respecting a decision upon the argument of a demurrer as an issue of law. Such decisions were neither declared to be an order, nor *652 allowed to be made upon a motion. There was, therefore, more reason for believing such amendment was intended to. apply to decisions upon a motion for judgment summarily on the ground of the frivolousness of a pleading than upon the tenability of a demurrer on argument, under sections 252 and 253.
Numerous decisions have held that any decision on a demurrer was appealable from as an order, before judgment was completed, (Nolton v. The Western R. R. Co., 10 How. 97; Nellis v. DeForest, 6 id. 413; Reynolds v. Freeman, 4 Sandf. 702; Phipps v. Van Cott, 15 How. 110. Ives v. Miller, 19 Barb. 197; Witherhead v. Allen, 28 Barb. 661; Lee v. Ainslie, 1 Hilt. 277,) whether such demurrer extended to the whole complaint, or leave was given to amend or not. Others hold the same principle, with, however, the qualification that the demurrer must be to part of the complaint only, or leave to amend must be reserved, in order to allow an appeal from such decision as an order. (Bowman v. Central R. R. Co., 10 How. 210. Cook v. Pomeroy, Id. 103. Ford v. Turner, 5 Duer, 684.) In Martin v. Kanouse, (2 Abb. 390,) in which the appeal was from a decision pronouncing an answer frivolous as an order, although it also “ declared an appropriate judgment on the whole case,” and judgment had been entered on it, the general term of the Supreme Court of this district refused to dismiss the appeal on motion, notwithstanding a strong impression expressed on its part that the appeal should have been from the judgment, because the original decision rendered judgment on the whole case. The whole weight and current of authority in such a case as the present is in favor of the appealability of such a decision as that be-, fore us as an order.
In the case of Briggs v. Bergen, (ubi supra,) before cited, it was held that a pleading ordered to be struck out under the 152d section of the Code, could form no part of the record returned on an appeal to the Court of Appeals from the decision of a general term, and that such appeal would not Jie from such order, because it was before judgment, and did not *653 determine the action under the second subdivision of section 11 of the Code. And a distinction was pointed out in that respect between such case and a decision upon the frivolousness of a demurrer, in which such decision would form part of the record on an appeal. But it did not attempt to pass upon the question whether an adjudication such as the present could be appealed from as an order. I cannot, therefore, look upon such adjudication as any thing but an order or mandate, and not a judgment, until the time for amendment under it passed, or the damages were assessed against the defendant; and therefore, as such order, appealable. Of course, this view does not affect the question whether, if such order be affirmed on the present appeal, such affirmance is a subject of appeal until the judgment is completed.
It is necessary, therefore, to investigate the sufficiency of the demurrer. [After some remarks upon that subject, which the views of the majority of the court render it unnecessary to insert here, the chief justice concluded.]
The order made at special term should be reversed, with costs, with liberty to the plaintiff to amend upon their payment.
Appeal dismissed.