POWERS v. ROME, WATERTOWN AND OGDENSBURGH RAILROAD COMPANY.

*Pleading—frivolous answer.*

In an action against a railroad company for injuries received by plaintiff while riding on defendant's cars, the answer set forth that the defendant "upon its information and belief says that said plaintiff was not, by reason of said collision, bruised or injured," etc., thus denying several allegations of the complaint, " and that said plaintiff has not, by reason of the premises, suffered damages," etc. *Held,* not a good denial, and an order giving judgment on the answer as frivolous affirmed. *Held,* also, that the objection to the validity of the answer could not be obviated by a liberal construction under section 159 of the Code. The rule requiring such construction does not dispense with the necessity of conforming pleadings in all essential particulars to the requirements of the statute.

APPEAL by defendant from an order at chambers directing a judgment for the plaintiff on the answer as frivolous.

The action was brought by William S. Powers against defendant to recover damages for an injury to the plaintiff, received from a collision while riding on the defendant's railroad. The material portion of the answer is set forth in the opinion.

*Wynn & Porter,* for appellant.

*Foote & James,* for respondent.

COUNTRYMAN, J.   As no judgment has been entered, the appeal is properly brought from the order.   *Lee* v. *Ainslee*, 1 Hilt. 277. *Witherhead* v. *Allen*, 28 Barb. 661.   The defendant, after making certain specific admissions in the answer, "upon its information and belief, says that said plaintiff was not, by reason of said collision, or at all, bruised or injured in the back and thigh or elsewhere, and that he has not, by reason of said alleged injuries, ever since or for any time been sick, sore and lame, and unable to attend to his ordinary business, and that said plaintiff has not been at the expense of medical treatment and medicines in consequence thereof, and that said plaintiff has not by reason of the premises suffered damages," etc.

Is this a good denial under the Code ?   Section 149 requires the answer to contain " a general or specific *denial* of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." Section 168 provides that " every material allegation of the complaint, *not* controverted by the answer, *as prescribed* in section 149 \* \* \* shall for the purpose of the action be taken as true."   Every denial must, therefore, conform to the provisions of section 149, or it must be construed as an admission.   Such is the imperative mandate of the statute.   Now section 149 prescribes only three modes of traversing a complaint :   1. A general direct denial of the whole or a certain portion thereof;   2. A specific direct denial of particular allegations which are identified ; and 3. A direct denial of any knowledge or information sufficient to form a belief, of the whole or some specified portion of the complaint.   Whichever mode is adopted, there must be a direct, positive and explicit denial ; a negation, not an allegation.   The purpose of the provision was to obtain a categorical issue, and to prevent raising issues by implication, or inference, or by a comparison of counter-allegations and contradictory statements in the pleadings.   It has accordingly been held that a denial upon information and belief is not a good traverse and admits the allegations in the complaint.   *Therasson* v. *McSpedon*, 2 Hilt. 1.   Merely making a counter-statement or giving a different version of the matter from that contained in the complaint, without, in terms, denying the allegations, is insufficient.   *Wood* v. *Whiting*, 21 Barb. 190, 198 ; *West* v. *American Exchange Bank*, 44 id. 176, 179.   So an allegation in an answer, that the defendant "says that he denies," etc., has been repeatedly condemned in the general

term. *Arthur* v. *Brooks,* 14 Barb. 533 ; *Blake* v. *Eldred,* 18 How. 240. The last cases cited are directly in point against the validity of the denials in the answer now before us. This objection cannot be obviated by a "liberal construction" of the allegations under section 159, as suggested in the case of *Chapman* v. *Chapman,* 34 How. 281. It is not a question of construction, but of conformity in regard to method or form. The statute has prescribed particular modes or forms of denial, and the courts have no right to hold that some other mode or form will answer the same purpose. The rule requiring a liberal construction to be given to the allegations of a pleading does not dispense with the necessity on the part of the pleader of conforming his pleading in all essential particulars to the provisions of the statute. There must be a limit even to liberality in practice and pleading. Where parties go to the circuit for trial upon informal and indefinite pleadings, thereby waiving objections of this character, very great liberality should be exercised in construing and amending the pleadings to conform to the proofs, but where the distinct objection is taken in advance and in proper form, that the pleading does not conform to the rules of law, it must be entertained and the rules enforced. In this case the pleader has declined an opportunity afforded him below to amend, but insists that his pleading is strictly in accordance with the requirements of the statute. In this he is manifestly in error.

The order must be affirmed, with $10 costs.

*Order affirmed.*