## New York Marine Court.

### *Trial Term—February* 2, 1881.

## MARTIN *against* VARIETY MANUFACTURING CO.

The production of a negotiable note on the trial creates a presumption that the plaintiff is a *bona fide* holder thereof, and the allegation that the note came lawfully into his possession carries with it the presumption of ownership.

McADAM, J.—The allegation of the complaint that the note "came lawfully into the possession of the plaintiff" carries with it the presumption of ownership, which, as a rule, follows lawful possession (Lee *v.* Ainslie, 4 *Abb. Pr.*, 463; S. C., 1 *Hilt.* 277).

The note in suit was founded upon a good and valuable consideration; it was negotiable, and was properly indorsed so as to pass title by delivery. Being negotiable and made for full value, it became immaterial what use Van Vechten made of it; the delivery to the plaintiff was, therefore, in no sense a diversion. The plaintiff produced the note upon the trial, and the pre-

sumption followed that he was a *bona fide* holder for value before maturity (Potter *v.* Chadsey, 16 *Abb. Pr.* 146). This presumption was not overthrown by any evidence offered by the defendants.

This disposed of the defense of extension of the time of payment granted by Van Vechten, even if that were a binding agreement in law, which I very much doubt (see defendant's answer, and Kellogg *v.* Olmsted, 25 *N. Y.* 189 ; Parmelle *v.* Thompson, 45 *Id.* 58).

The motion for a new trial will, therefore, be denied.