Davis
v.
Adams.

## DAVIS *against* ADAMS.

*plea will set aside frivolous because irt have ne, pre-like it, ι demur on mo-or judg-non ob-vere-can the ff treat it nullity, enter a f course, idgment, default, onfession dicit. ι defend-s a right iin it on cord, and nave it passed upon, with a view to bring a writ of error. But under the special circumstances of the case, the court allowed the plaintiff, on the subject coming up on a non-enumerated motion, to enter judgment as upon a demurrer and joinder.*

ASSUMPSIT on two promissory notes, made at Alexandria, in the district of Columbia. The defendant had pleaded the same plea as he had done in the cause of *Whittimore* v. *Adams,* (2 Cowen's Rep. 626.) At first, the plaintiff demurred and the defendant joined in demurrer; but on seeing the report of the first case, the plaintiff at the last term, by S. M. Hopkins, his counsel, moved to set aside the plea as frivolous, which I opposed for the defendant, and the motion was denied by the Court; but they allowed Hopkins to withdraw his demurrer, which he did; and thereupon the plaintiff treated the plea as a nullity, and immediately entered a rule of course for judgment of *nil dicit.* This I moved to set aside as irregular, upon an affidavit that the plea was put in in good faith; and that the attorney desired to retain it upon the record with a view that he might bring a writ of error, which motion was opposed by Mr. Hopkins, but granted with costs; whereupon the plaintiff treated the plea as a confession of the action by *nil dicit* and entered a rule for judgment generally; and that the clerk assess damages. At the present term, I moved to set aside this last rule for irregularity, which was opposed by Mr. Hopkins.

*Curia.* The plaintiff should either have retained his demurrer, and gone to argument upon the calendar, or confessed the defendant's plea, taking a judgment to be levied of his goods and chattels; or have taken issue, suffered a verdict for the defendant, and then moved for judgment *non obstante veredicto,* as was done in *Whittimore* v. *Adams.* The defendant is entitled to retain his plea upon the record, and have it passed upon by the Court, with a view to his writ of error. The rule for judgment must be set aside with costs; but under the special circumstances of this case, the plaintiff may enter up judgment as upon the demurrer and joinder heretofore interposed in the case.

Rule accordingly.