ALBANY,<br>Oct. 1834.<br><br>Belden<br>v.<br>Devoe.

---

BELDEN *vs.* DEVOE and others.

Generally, an *affidavit of merits* is not sufficient to resist a motion to strike out a plea as *false*. The case of *Brown* v. *Bissel*, 6 Wendell, 511, commented on and distinguished from the general rule.

Form of certificates *authenticating affidavits* taken abroad, objected to by counsel and approved by the court.

*Laches* in a plaintiff in moving to striking out pleas as false, cannot be objected by a defendant interposing such pleas.

DEVOE, one of the defendants in this cause, pleaded that a portion of the plaintiff's causes of action consisted of a promissory note, which belonged to a banking corporation in the city of New-York, who casually *lost* the note, which came to the hands of the plaintiff without any consideration given by him to the bank; and that he, therefore, was not legally entitled to maintain an action thereon. He also pleaded (in another plea) that the same note was *wrongfully obtained* from one John Moon, one of the defendants in this cause, and the second endorser of the note; and that the same

October 9.

came to the hands of the plaintiff without any consideration given therefor, and that he was not entitled to maintain his action. The defendant also put in the plea of set-off. The plaintiff replied to the first special plea denying that the banking company referred to ever were the owners of the note, averring that he himself was the *bona fide* holder thereof; to the second special plea he replied, denying that the note was wrongfully obtained from Moon, and averring that it came to his hands for a valuable consideration ; and in answer to the third plea, said that he was not indebted, &c. each replication concluding to the country. The plaintiff noticed his cause for trial at the *July* circuit in New-York, and after such notice, he was served with *demurrers* to his replications. On the 13th day of *August*, he joined in demurrer, and the defendant's attorney made up the demurrer books. On the 10th *September*, the plaintiff gave notice that he would apply at this *special term* to strike out the pleas of the defendant as *false* and *sham pleas*, founded upon an affidavit of the plaintiff that they were false. The plaintiff's affidavit was sworn to before one of the judges of the supreme court of *Connecticut*.

The motion to strike out the pleas was resisted on various grounds : 1. It was contended that the plaintiff had been guilty of gross *laches* in making this application ; that even if otherwise entitled to his motion, after having noticed his cause for trial, joined in demurrer and permitted the defendant to make up his demurrer books, he ought not now to be heard ; 2. That the affidavit of the plaintiff was not authenticated in the manner prescribed by the revised statutes. 2 R. S. 396, § 25. It had the name of the plaintiff subscribed to it, and two certificates appended to it, in this form : " State of Connecticut, Fairfield county, ss. Be it remembered, that on this 14th day of August, in the year of our Lord 1834, before me, Clark Bissell, one of the judges of the supreme court in and for said state, personally appeared Henry Belden, the above named deponent, and made solemn oath to the truth of the foregoing affidavit by him subscribed. Sworn before me, Clark Bissell, a judge of the supreme court." " State of Connecticut, Fairfield county, ss. I, Thomas B. Osborne, clerk

of the supreme court of the state of Connecticut, within and for the county of Fairfield, do hereby certify that the Honorable Clark Bissel is now, and for more than one year last past has been a judge of said supreme court, and that I am well acquainted with the hand-writing of the said Clark Bissell, and *verily believe* that the signature to the foregoing certificate, annexed to the deposition of Henry Belden, purporting to be his, is genuine. In testimony wherof I have hereto set my hand and affixed the seal of said supreme court this 23d day of August, A. D. 1834. Thomas B. Osborne, Clerk, L. S." It was objected that the certificate of the judge was defective, in not stating that the affidavit was *subscribed* before him, and in omitting to specify the *place* where the affidavit was taken; that the words " State of Connecticut, Fairfield county, ss." only give a venue to the certificate; but if otherwise, that a designation of a *county* is not a compliance with the act. It was also objected that the clerk did not certify *to the existence of the court*, otherwise than by implication; nor to the genuineness of the signature of the judge, otherwise than according to his *belief*. 3. An affidavit of the defendant was read, made by him in July last, when the cause was noticed for trial, that he had a good and substantial defence on the merits; and it was insisted by his counsel that the motion ought on this ground to be denied, according to *Brown* v. *Bissell*, 6 Wendell, 511.

*By the Court*, SAVAGE, Ch. J. The delay of the plaintiff in making this motion is no answer to the application. The defendant having interposed pleas that are *false*, has no right to complain of any expense to which he has been subjected in consequence of the omission of the plaintiff to make this motion at an early day. The objections to the authentication of the affidavit cannot be supported; the statute has been substantially complied with.* As to the decision in *Brown* v.

---

* In the last preceding case of *M'Kinstry and another* v. *Thurston*, a similar objection was taken to the authentication of an affidavit taken in *Pennsylvania*, viz. that the judge before whom it was taken did not, in his certificate,

ALBANY,<br>Oct. 1834.<br><br>Belden.<br>v.<br>Devoe.

*Bissell,* it is an authority for a case similar to it, but cannot be admitted as establishing the general principle that the common *affidavit of merits* is sufficient to resist a *motion to strike out sham pleas :* such a doctrine was not intended to be intimated by the court in that case, and indeed would be against the whole current of authority. That case was peculiar. The affidavit there, as appears from the report of the case, did not expressly aver the *falsity* of the plea of payment, as it ought to have done, 2 Barn. & Ald. 777, but only alleged that the defendant had admitted the existence of the debt at the time of and subsequent to the assignment of the bond to the assignee the real plaintiff in the cause, and that the assignee was apprehensive that a fraudulent release would be produced, executed by the plaintiff on the record subsequent to the assignment, although bearing date as of a day previous to the assignment ; and upon that affidavit the motion was made. To such an affidavit, alleging that the defendant had admitted the debt, it was said that the affidavit of merits was an answer, and that too in a case where the motion was coupled with another, which was thought to afford the plaintiff a more proper remedy. In that case also, it is presumed, the affidavit of merits was made in *answer* to the affidavit upon which the motion was founded ; here the defendant resorts to an affidavit made long since, and for another and different purpose. That case, therefore, is no authority for a case like the present, which must depend upon the general practice of the court, which will be found in Graham's Pr. 214, 15. The motion is granted.

---

specify the *place* where the affidavit was taken. The affidavit was headed " State of Pennsylvania, Luzerne County, ss." In answer to the objection, it was said by counsel that it was well known that a judge of a common pleas court in this state was authorized to take an affidavit only in the county where he resided ; but proof of that fact never was required, as the *venue* of the affidavit was *prima facie* evidence of the place where it was taken. The objection was overruled.