By the Court, Bronson, J.
It is hardly necessary to resort to the second certificate of the prothonotary. The matter is plain enough without it. The eighth judicial district includes several counties, in each of which there is a court of common pleas, and Ellis Lewis is the presiding judge in each of those courts. Lycoming county is within the eighth judicial district, and thus it appears that the affidavit was sworn before a judge of the court of common pleas of Lycoming county. (2 R. S. 396, § 25-.) It is not necessary to follow the letter of the statute. A substantial compliance with its provisions is sufficient. (Belden v. Devoe, 12 Wend. 223.)
I do not think it necessary to enquire whether the warrant of attorney was of any force out of the state of Pennsylvania. Conceding that a judgment might originally have been entered in this state, the warrant contained no authority for entering a second judgment any where. After the entry of the judgment in Pennsylvania, the power was functus officio. This is fully established by the cases cited at the bar, and is plain enough in principle. If the warrant had been to confess a judgment or judgments, in the plural, it seems that a second judgment *464 could not be entered until the first judgment had been reversed or set aside. (Fairchild v. Camac, 3 Wash. C. C. Rep. 558.) But here there is nothing to show that more than one judgment was intended.
As the first judgment was entered against Cowden alone, it may be that the plaintiffs would have been warranted in taking a second judgment against the two other obligors in the bond. But Cowden has been included in the second judgment, and as to him the power was clearly spent when the judgment was entered in Pennsylvania
Motion granted.