Darrow agt. Miller.

5 How. 247–Followed, 6 How. 21.

## SUPREME COURT.

### Darrow agt. Miller.

To authorize an order upon a motion to strike out an answer as frivolous, it must appear that the answer is a "sham pleading" (*Code*, § 152), which does not necessarily follow from its being merely frivolous.

An answer which is shown by its falsity or *palpable* frivolousness to be put in for delay merely, or other improper object, will be stricken out under § 152, as a sham defence, in the same manner and for the like reason, that a plea embracing the same matter would have been stricken out under the former practice.

No *affidavit* need be served on the opposite party with notice of motion for judgment under § 247.

Where the notice of motion asked to strike out the answer on the ground of the frivolousness thereof "or for such other or further *order* as the said justice shall deem proper to grant," *held*, that *judgment* on account of the frivolousness of the answer, could not be given under § 247. The words "rule" or "order" in the Code, in no case mean a judgment.

*At Chambers, Dec.* 27, 1850. The plaintiff's attorney gave the defendant's attorney notice that he would move this day at the office of the justice "for an order that the answer of the defendant to the complaint in this action be stricken out on the grounds of the frivolousness thereof with costs, or for such other or further *order* as the said justice shall deem proper to grant." The plaintiff's counsel now moves upon this notice and the com

plaint and answer, that the answer be stricken out, or that the plaintiff have judgment on account of the frivolousness of the answer. Various objections are taken by the defendant's counsel which are noticed in the following opinion.

C. O. Poole, *for Plaintiff.*

C. R. Gold, *for Defendant.*

Sill, Justice.—The specific relief asked for in the notice is, that the answer may be stricken out as frivolous. To justify this order it must appear that the answer is a "sham pleading" which does not necessarily follow from its being merely frivolous. Sham answers and defences may be stricken out on motion (*Code,* § 152).

If an answer be *frivolous* the plaintiff may move for judgment upon it in court, or before a judge out of court, and judgment may be given accordingly (§ 247). The mischiefs which these sections of the Code, were designed to remedy, have, I think, as well as the remedies themselves, been somewhat confounded. "A sham pleading (says Mr. Chitty), is one known by the party to be false, and put in for the purpose of *delay, or other unworthy object*" (1 *Ch. P.* 574). Bouvier says, "A sham plea is one entered for mere purposes of delay;" it must be of a matter which the *pleader knows to be false*" (2 *B.* 375). It seems by these definitions that the want of good faith, and the improper motive with which a plea is put in, are the important circumstances which give it character as a sham defence; and its falsity when admitted or unquestionably ascertained, is deemed sufficient evidence of the design with which it is interposed.

It was the practice of the English courts to allow, upon special application, showing the plea to be false, judgment to be entered as for want of plea (1 *Chitty Rep.* 564; 5 *Barn. & Ald.* 750; 2 *Id.* 197). And it was the settled practice of the late Supreme Court of this state, to strike out false pleas, upon an affidavit of their falsity, unless the parties pleading, would swear to their truth (Brewster vs. Bostwick, 6 *Cowen,* 34; Belden vs. Devoe, 12 *Wend.* 223; Oakley vs. Devoe, *Id.* 196; Broome Co. Bank, vs. Lewis, 18 *Wend.* 565). This was not testing the

truth of a pleading (as has been said I think too hastily) upon affidavits. It was merely calling upon the defendant, when suspicion was thrown upon the good faith of his defence, by the plaintiff's affidavit of its untruth, to vindicate that good faith by his own oath.

The most numerous examples of sham pleadings, are those which are good in form, but false, and hence they are not what are usually called frivolous pleadings. There is, however, another kind of defences which, though not literally within the definition of Chitty and Bouvier, would, in my opinion, be now classed with sham pleadings. These are such as may be true in point of fact, but are so impertinent, or so *grossly* frivolous that the court can not but see that the object is to delay or perplex the plaintiff instead of presenting a defence. The objection to such a pleading is the same in principle as that to a pleading which is known to be false, both being a fraud upon the practice of the court and a mockery of legal proceedings.

The late Supreme Court adopted the practice of striking out pleas which were *palpably frivolous* (Heaton vs. Bartell, 13 *Wend.* 672; Lowry vs. Hall, 1 *Hill*, 663), but to justify striking them out they must be not only frivolous, but palpably so, and to a degree that will satisfy the court that they were interposed merely for delay or with some other improper motive (Many vs. Van Arnum, 1 *Hill*, 370; Fisher vs. Pond, *Id.* 672; Melville vs. Hazlett, 18 *Wend.* 680; Davis vs. Adams, 4 *Cow.* 142; Lowry vs. Hall, 1 *Hill*, 663; and see Balmanno vs. Thompson, 6 *Bing. N. C.* 153). The 152d section of the Code simply applies the former practice of striking out sham defences to the new system of pleading, and an answer which is shown by its falsity or *palpable* frivolousness, to be put in for delay merely, or other improper object, will be stricken out as a sham defence, in the same manner and for the like reason, that a plea embracing the same matter, would have been stricken out under the former practice.

But a pleading may be frivolous, and still be interposed in good faith (Miller vs. Heath, 7 *Cow.* 101; Patten vs. Harris, 10 *Wend.* 623); and unless the want of good faith in the pleader, is mani-

fest, the pleading, though technically frivolous, should remain on the record. For a party has the right to have any defence honestly interposed, passed upon, not only in the court of original jurisdiction but in a court of appeal. In such a case, the remedy of the party alleging the frivolousness of the pleading is, if he desire a summary decision, to move for judgment under section 247 of the Code.

The present answer is, I think, frivolous, though I am not satisfied that it was interposed in bad faith or with an improper motive and therefore should not be stricken out. If this were otherwise, this order could not be granted at chambers; there is no provision for entertaining a motion to strike out pleadings out of court.

If such order can not be granted, the plaintiff asks for judgment on the ground of the frivolousness of the answer under section 247.

To this the defendant objects that there should have been an affidavit served with the notice of the motion, showing the service of the complaint and answer; and that no more than twenty days have elapsed since the service of the last pleading. There is no rule limiting the time for moving for judgment on a frivolous answer, to twenty days after its service, and no good reason is perceived for adopting such a rule.

Nor was any affidavit necessary as a foundation for the motion for judgment. It is said in Monell's Practice, which is cited by the defendant's counsel, that an affidavit is necessary. But a mistake is made there, probably, by confounding this motion for judgment with the practice of striking out false pleas. The judgment must be granted or refused upon what appears in the pleadings alone, and an affidavit if served could not be taken into the account in deciding this question. In this respect it is like a motion in court, for judgment upon a demurrer or upon a pleading not answered.

I am not speaking of the ex parte proof of the service of the complaint, or reception of the answer, which might be necessary to bring on the motion, if the defendant did not appear and ad-

mit the service. The decision is that no affidavit need be served on the opposite party with notice of motion for judgment under section 247.

The defendant also objects on the ground that the notice is not adapted to the relief under the section last cited; and this objection appears to me well taken. The general clause under which judgment must be given, if at all, asks for such other " order," &c. Had the word "*judgment*" or " relief" been used in its stead, this objection might possibly have been disregarded, since the frivolousness of the answer is the specified ground of the application. But in the Code the word order is made to exclude the idea of a judgment. It means a written direction of a court or judge, other than a judgment and not included in it (245–400). Under the Code the words rule and order in no case mean a judgment. I feel constrained to hold upon authority that this relief can not be given under this notice (See Many vs. Van Arnum, above cited, and Shear vs. Hart, 3 *How. Pr. R.* 75). The motion is denied with $10 costs, without prejudice to another motion for judgment on the ground of the frivolousness of the answer.