Roberts agt. Morrison.

---

## SUPREME COURT.

### ROBERTS agt. MORRISON IMPLEADED WITH GROESBECK.

A motion for judgment on account of the frivolousness of the demurrer (§ 247), *is the trial of an issue of law;* and a determination upon it is a *judgment.* The prevailing party is therefore entitled to the *costs* taxable for a *trial* (some $23).

*New York Special Term, January* 1853. *Costs upon affirmance of judgment upon Demurrer.* Defendant Morrison demurred to plaintiff's complaint. Justice ROOSEVELT at special term, on the 6th of October 1852, decided against the demurrer. The order states " the plaintiff having moved for judgment on said demurrer *as frivolous*," " ordered, that the plaintiffs have *judgment on the demurrer with costs,* with leave," &c. From this decision there was an appeal to the general term.

The general term, on the 30th of December 1852, affirmed the judgment of the special term and in their order state, " it appearing to the court that the demurrer of the applicant *was frivolous,* and that the complaint of the respondent is sufficient, it is ordered that *the said judgment on demurrer be affirmed* with ten dollars costs of this appeal."

Upon this statement the counsel for the plaintiff claims, that the argument of the demurrer was the *trial* of an issue of law, and that the decision of the special term is a *judgment* in the

case, and the costs given by the order mean taxable costs *upon trial*, amounting to some $23.

The counsel for defendant claims that the argument before the special term was only *a motion* for judgment on the demurrer *as frivolous*, and that the decision entitles the plaintiff to *only ten dollars* costs. In furtherance of this view he referred to the plaintiff's notice of argument which is as follows: "We shall apply to Justice ROOSEVELT at the New York chambers *for judgment* on the demurrer of the defendant Morrison *as frivolous ;* which motion will be founded upon the complaint and said demurrer. We shall also *ask for costs of the motion ;* or for such other or further relief as to the court may seem meet."

————————, *for Defendant.*

————————, *for Plaintiff.*

MORRIS, Justice.—The language of a notice can not characterize the action of the court. The *action* of the court must control, and not the impression of parties or counsel, of the character of such action.

Section 249 of the Code establishes " an issue of law arises upon a demurrer to the complaint, answer or reply, or to some part thereof." Section 252 of the Code declares, "a trial is the judicial examination of the issues between the parties, whether they be issues of law or fact." Section 253 of the Code directs " an issue of law must be tried by the court."

Section 245 of the Code prescribes, " a judgment is the final determination of the rights of the parties in the action."

Section 247 of the Code is as follows: " If a demurrer, answer or reply, be frivolous, the party prejudiced thereby, upon a previous notice of five days, may apply to a judge of the court, either in or out of court, for judgment thereon, and judgment may be given thereon."

Therefore in this case, whether the demurrer was heard by Justice ROOSEVELT out of court, or presiding at special term, the hearing was the *trial* of *an issue of law,* and his determination upon it, " is a judgment, a final determination of the rights of the parties in the action."

The plaintiff is entitled to costs of trial of an issue.