## SUPREME COURT.

### LEWIS agt. ACKER.

An *appeal* will not lie upon an *order* of the special term rendering judgment on demurrer, with leave to amend on payment of costs in twenty days. *Judgment* must be actually entered before an appeal will lie. (*See Bruce agt. Pinckney as to frivolous demurrers, ante page* 397.)

*It seems,* that the amendment to § 349 of the Code in 1851, which provides that an *order* may be appealed from " when it sustains or overrules a demurrer" is inoperative.

The decision of a demurrer is always a *judgment,* whether absolute or upon terms.

*October General Term,* 1853. Judges BARCULO, BROWN, and S. B. STRONG.

The defendant demurred to the plaintiff's reply, and judgment was rendered at the special term, for the defendant, on the demurrer, with leave to plaintiff to amend on payment of costs, &c., within twenty days. No judgment has in fact been entered up. The plaintiff appeals from the decision as an *order.*

S. F. REYNOLDS, *for Defendant.*
H. J. HYATT, *for Plaintiff.*

By the Court—BARCULO, P. Justice.—We have already decided this question as respects a frivolous demurrer in Bruce agt. Pinckney, (*ante page* 397.) But it is supposed that the cases are essentially different, and we will therefore give our reasons more fully in the present case.

It has always been considered that a decision of a demurrer was a judgment, whether it was absolute, or whether it gave leave to amend. If it was for the plaintiff, it authorized him to recover his demand, unless within twenty days the defendant availed himself of the privilege to amend. If it was for the defendant upon the whole case, it authorized him to perfect his judgment for costs at the end of that period. No further action of the court was necessary to terminate the litigation. It was therefore a final judgment at the expiration of the time

Lewis agt. Acker.

given to amend. The decisions under the Code have been to the same effect. (4 *How*. 335; 5 *How*. 30.) The idea that a decision of a demurrer was not a judgment seems to have been originated by the interpolation in section 349, Code of 1851, of the provision that an order may be appealed from "when it sustains or overrules a demurrer." It seems to be supposed by some of the profession that this clause is equivalent to declaring that a decision of a demurrer is an order. But no such effect can fairly be given to it. All the effect this provision can have will be to make such an order appealable, *whenever* an order can be found that overrules a demurrer. But as at present no such thing is known in the practice, of course it will remain inoperative until we get a new edition of the Code.

That the rule we adopt is correct, we think is obvious also, from the consequences which would flow from the contrary. If we should review this decision and affirm it as an order, the defendant, as soon as judgment should be entered, could come back on an appeal from the decision as a judgment; and thus litigation be uselessly incurred, and time be improperly gained for paying the note in controversy.

The true practice on demurrer, I understand to be this: When a decision is made at the special term, allowing or overruling a demurrer, with leave to the unsuccessful party to amend or answer, he has twenty days to make his election whether he will avail himself of the privilege, or suffer judgment to be entered against him, and rely on his appeal from the judgment. If he chooses the latter alternative, his privilege of amending or answering is *forever gone ;* and if the judgment is affirmed it is an absolute and final judgment. It is a highly mistaken, as well as mischievous notion which is creeping into the practice with other novelties, that the privilege allowed on the original decision for twenty days, continues until the cause is decided at the general term, and in the Court of Appeals. For if the rule obtains there will be no end to a law suit. A skilful lawyer may put in an answer which will be held bad on demurrer at the special term. The demurrer will be sustained and the defendant have leave to amend his answer on the usual

terms. He will appeal from the judgment to the general term, and from thence to the Court of Appeals. All the decisions will be against him. What is the result of this three years of litigation? Why simply that he goes back to the special term, amends his answer in some respects, leaving it bad in others, and then provokes another demurrer, and the same round of litigation through all the courts. And this course may be pursued *ad infinitum.* The courts have never permitted this practice, and I do not think the Code requires them to tolerate it now. Appeal dismissed.