ST. PAUL DIVISION No. 1, SONS OF TEMPERANCE, Respondent, vs. JOSEPH R. BROWN and JACOB W. BASS, Appellants.

### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Under *ch.* 21, *Laws of* 1861, *pp.* 131-2, an appeal lies from any order made upon a demurrer.

BRISBIN & BIGELOW, Counsel for Appellants.

SMITH & GILMAN, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—The Respondent abovenamed was Plaintiff below, and his complaint was demurred to. The demurrer was overruled by the court, with leave to the

Defendant to answer within twenty days from service of the order overruling the demurrer. From this order the Defendants appeal. The Plaintiff now moves to dismiss the appeal on the ground that the order is not appealable. The position taken by the Plaintiff in this motion is, that the decision of a court on a demurrer to a complaint is not an order, but a judgment, and that no appeal lies until the same is perfected of record by the making up and filing of the judgment roll. In support of this view he refers us to the case of *Cummings vs. Heard*, 2 *Minn. Rep.*, 34, and the cases there cited. That decision was made in 1858, when we had no statute which allowed an appeal from an order which sustains or overrules demurrer. In preparing the opinion in that case, in order to strengthen the reasoning we gave for dismissing the appeal, we referred to the New York Code of Practice as amended in 1851, which gave an appeal from an order when it sustains or overrules a demurrer, and said, that "since this amendment even the courts have uniformly held that where the decision of it determines the rights of the parties to the action it is still a judgment, and must be perfected as before in order to be reviewed on appeal, and that in such cases the amendment is inoperative." Several New York cases are there cited, which we will briefly review.

In *Lewis vs. Acker*, 8 *How. Pr. Rep.*, 414, the court distinctly holds that there can be no such thing as an order overruling a demurrer, that all such decisions are necessarily judgments, and intimates that the law must remain inoperative until they get another edition of the Code. He makes the further point against such appeals, that if the order was affirmed, a second appeal could be taken as soon as the judgment was perfected.

In *Banman vs. the New York Cent. R.R. Co.*, 10 *How. Pr. R.*, 218, the demurrer was to the whole complaint, and was sustained without leave to amend. The court there held that it was a judgment, and must be perfected before an appeal would lie. They also make the same point that two appeals could be taken. They show that the provision is not inoperative, because where a demurrer is sustained or overruled with leave to amend or plead

over, or is only taken to part of a complaint or answer, the decision upon it is not a final determination of the rights of the parties, and may be considered an order.

The same is held in *Cook vs. Pomeroy, Id.*, 221.

In *Ford vs. David, et al*, 13 *How. Pr. R.*, 193, (erroneously cited in 2 *Minn. Rep., as page* 139,) it is also held that a decision which overrules a demurrer and gives leave to answer is an order as long as the privilege to answer continues, and not a judgment.

From these cases it will be seen that our holding in the case of *Cummings vs. Heard* was correct as the statute then stood, as it contained no provision on the subject of orders sustaining or overruling a demurrer. But as we have had a "new edition" of our Code since that time, we will see what changes have been effected. *Ch.* 21, *Laws of* 1861, *pp.* 131–2, provides for an appeal from any order made upon a demurrer to any pleading in an action, whether such order does or does not contain leave to amend or answer the pleading demurred to; but prohibits an appeal or writ of error from the final judgment rendered upon the decision of the Supreme Court upon the appeal from the order, unless the pleadings may have been subsequently amended or changed. It also provides that when the order appealed from gives leave to amend or answer the pleading demurred to, the party appealing shall have the like time after affirmance of the order to amend or answer, and allows the court to extend such time or grant time when none was originally allowed.

It will be seen that this act was prepared in direct reference to the decisions which had been made under the New York Code, and was intended to remove all the objections which had been raised to that act by the courts. The framers of our law seem to have comprehended all the distinctions presented in those cases, and been determined to make a decision on a demurrer appealable in all cases, whether it amounted to a final determination of the rights of the parties to the action or not, and that before the entry and perfection of judgment. This seems to be the necessary construction, because provision is specially made that such an appeal shall be a bar to any review of the judgment entered upon the

decision unless some change is subsequently made in the pleadings.

This act is not an amendment of the section which provides from what orders appeals may be taken, but stands alone as a separate law granting this remedy. Now whether the Legislature can make what is essentially a judgment into an order by calling it so it is unnecessary to consider, but that it may allow an appeal from any ruling of a court when that ruling is definitely described we have no doubt, no matter by what name it may be designated. It is our opinion that this act allows an appeal from any order made upon a demurrer.

The case under consideration, however, would have fallen under the New York Code, and been appealable under the decisions which we have cited. It is an order overruling a demurrer, but allowing twenty days within which to answer after service of the order. The appeal was taken before the expiration of the time for answering. It is therefore an order and not a judgment under any view of the case, except perhaps the decision in the case of *Lewis vs. Acker*, first cited, which made any decision on a demurrer a judgment; but on this point this case stands corrected by subsequent decisions.

The motion to dismiss the appeal must be denied.