Reuben Elwood, Appellant, *v.* Nancy Roof, Impleaded, etc., Respondent.

An appeal lies to the General Term from an order of the Special Term, directing judgment for plaintiff on account of the frivolousness of defendant's answer, before the entry of judgment in pursuance thereof.

But an order of General Term reversing the Special Term order is not appealable to this court; it is in the discretion of the court below whether to pass upon the sufficiency of the answer, on motion, or to put the plaintiff to a regular demurrer.

(Argued October 5, 1880 ; decided November 9, 1880.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, reversing an order of Special Term which directed judgment for plaintiff on the ground of frivolousness of the answer of defendant, Nancy Roof.

*Samuel Hand* for appellant. Where the General Term assumes jurisdiction which it has not, or refuses to exercise jurisdiction which it possesses, to review proceedings at Special Term, this court will review its action and reverse it if wrong. (*People* v. *Ferris*, 36 N. Y. 218 ; *People* v. *N. Y. C. R. R. Co.*, 29 id. 418, 423 ; *Martin* v. *Windsor Hotel*, 70 id. 101 ; Code, § 190, subd. 2 ; *N. Y. Ice Co.* v. *Ins. Co.*, 23 N. Y. 357.) The General Term had no jurisdiction to review the memorandum of the Special Term, and the appeal from it was unauthorized and should have been dismissed. (Code, §§ 1310, 1351, 1352.) The judgment directed here to be entered was interlocutory. (Code, §§ 1200, 1230–7 ; Code, §§ 1347–51 ; *Cambridge Valley Nat. Bank* v. *Lynch*, 76 N. Y. 514 ; *Miller* v. *Sheldon*, 15 Hun, 220 ; *Lancastine, etc.*, v. *Lake, etc.*, 16 id. 484 ; *Garner* v. *Harmony Mills*, 8 N. Y. W. Dig. 102–3.) To be appealable as an order, the decision to be reviewed must be an order as defined by the Code. (§§ 767, 1347.) The granting of the application was nothing less than giving judgment ; and it can only be reviewed as such. (*Cambridge Val. Bank* v. *Lynch*, 76 N. Y., *supra ; Joannes* v. *Day*, 3 Robt. 650 ; *Parker* v. *Waith*, 5 Hun, 417 ; *Bruce* v. *Pinckney*, 8 How. 397 ; *King* v. *Maxwell*, 5 id. 30 ; *S. C.* affirmed, 6 id. 127 ; *Whitman* v. *Nicoll*, 16 Abb. Pr. [N. S.] 329, 331 ; *Roberts* v. *Morrison*, 7 How. Pr. 396 ; *Martin* v. *Kanouse*, 2 Abb. Pr. 390 ; *Brown* v. *Taylor*, 5 N. Y. W. Dig. 181, May 29, 1877.)

*Nathaniel C. Moak* for respondent. The order of General Term is not appealable to this court. ( *Wilkin* v. *Raplee*, 52 N. Y. 248 ; *Hanover, etc.* v. *Tomlinson*, 58 id. 651 ; *Tabor* v. *Gardner*, 41 id. 232 ; *Armstrong* v. *Weed*, 62 id. 250 ; *Coit* v. *Stewart*, 50 id. 17 ; *Dabney* v. *Greeley*, 12 Abb. Pr. [N. S.] 191.) The direction of the Special Term overruling the answer as frivolous and directing judgment was an order. (*Darrow* v. *Miller*, 5 How. 247 ; *Western R. R. Corp.* v. *Kortright*, 10 id. 457 ; *Gould* v. *Carpenter*, 7 id. 97 ; *Roberts* v. *Clark*, 10 id. 451 ; *Marquise* v. *Brighan*, 12 id. 399 ; *Butchers & Drovers' Bank of Providence* v. *Jacobson*, 22 id. 470 ; *Bentley* v. *Jones*, 4 id. 335 ; *King* v. *Stafford*, 5 id. 30 ; *Gould* v. *Carpenter*, 7 id. 99 ; *Wilkin* v. *Raplee*, 52 N. Y. 249 ; *Livingston* v. *Hammer*, 7 Bosw. 673.; *Belmont* v. *Pouvert*, 3 Robt. 697 ; *Cambridge Val. Nat. Bank* v. *Lynch*, 76 N. Y. 514, 516 ; Code, § 1200.) By the erroneous overruling of the defendant's answer, she was deprived of her pleading. This affected a substantial right and for that reason was appealable to the General Term. (*Crucible Co.* v. *Steel Works*, 9 Abb. [N. S.] 196 ; *S. C.*, 57 Barb. 447 ; Code, §§ 190, 1542 ; *Security Bank* v. *Bank of Commonwealth*, 2 Hun, 289 ; *Livermore* v. *Bainbridge*, 56 N. Y. 72 ; *People* v. *N. Y. C. R. R. Co.*, 29 id. 421 ; *Lindon* v. *Beach*, 6 Hun, 200.) The appeal to the General Term could be taken from the order as such. (*Powers* v. *Rome, Watertown & Ogdensburg R. R. Co.*, 3 Hun, 285 ; *Lindon* v. *Beach*, 6 id. 201 ; *Western R. R. Corp.* v. *Kortright*, 10 How. 457.) The order overruling the answer as frivolous was a discretionary one. ( *Wilkin* v. *Raplee*, 52 N. Y. 250 ; *Jeffras* v. *McKillop*, 2 Hun, 353.) All orders, even those involving discretion, are appealable to the General Term, though not to the Court of Appeals. (*Livermore* v. *Bainbridge*, 56 N. Y. 72 ; 47 How. 354 ; *Matter of Duff*, 41 How. Pr. 353 ; *People* v. *N. Y. C. R. R. Co.*, 29 N. Y. 418 ; *Howell* v. *Mills*, 53 id. 329 ; *King* v. *Mayor*, 36 id. 190 ; *Bank* v. *Reynolds*, 33 id. 160 ; *Dollard* v. *Taylor*, 33 N. Y. Sup. Ct. ; *Sprague* v. *Dunton*, 14 Hun, 490.) Any discretionary order made at Special

Term is appealable to the General Term. (*Bank* v. *Clark*, 34 N. Y. Sup. Ct. 487; *Security, etc.* v. *Bank, etc.*, 2 Hun, 287, 289; *Jeffras* v. *McKillop*, id. 353; *Alling* v. *Fahy*, 70 N. Y. 572; *Martin* v. *Winsor*, id. 101; *Hand* v. *Burrows*, 15 Hun, 481; *Allen* v. *Meyer*, 73 N. Y. 1; *Crucible Co.* v. *Steel Works*, 57 Barb. 447.) Appeals to the General Term differ from those to the Court of Appeals. (*Security, etc.* v. *Bank, etc.*, 2 Hun, 289.)

RAPALLO, J.  The appeal to the General Term was from an order of the Special Term, directing judgment for the plaintiff on account of the frivolousness of the defendant's answer. An appeal lies to the General Term from such an order before the entry of judgment in pursuance thereof.  In respect to an appeal to this court the rule is different.

The point that the direction appealed from is not an order, but a mere allocatur, is untenable.  It is entitled as a Special Term order, and stated at foot to have been entered.  It in effect adjudges the answer frivolous and the plaintiff to be entitled to judgment on the pleadings, and directs the entry of such judgment and a reference, etc.

The order of the General Term reversing the order of the Special Term is not appealable to this court.  It was discretionary with the court below whether to pass upon the sufficiency of the answer on a motion for judgment, which is in substance a short demurrer, or to put the plaintiff to a regular demurrer.

The appeal should be dismissed with costs.

All concur.

Appeal dismissed.