Owen, J.
1. By the conveyance from Shawhan to the city, the latter was invested with the title to the lands in question. The city had ample capacity to reconvey the same lands to Shawhan. If the deed which was tendered to him Was-such an instrument as could reinvest him with his former title, unclouded by substantial doubt of the validity of the conveyance, the plaintiff was entitled to the relief prayed for, and there was error in refusing it. If it be suggested that the defendant admitted that the deed tendered to him was sufficient to pass the title of the land to him, by failing to deny the averments of the petition that the plaintiff “ tendered a reconveyance of the lands to the defendant,” and that the deed so tendered “is herewith filed and tendered to defendant,” the obvious answer is that the plaintiff) having presented the deed itself with the petition (to keep good the tender), expressly invoked the judgment of the court upon its sufficiency. If the plaintiff had simply averred a tender of a conveyance of the land, and the defendant had admitted it, there would have been foi’ce in the suggestion. As it is, the issue rests as upon express admission of the defendant that the deed filed with the petition was'tendered to him. How could he better raise the issue than to urge at the hearing, as he did, that the deed was not sufficient to pass title.
But the plaintiff offered this deed in evidence; it was received without objection, and a true copy of it is marked “ C,” and made a part of the bill of exceptions. It is given in the foregoing statement of the case. It ought to be sufficient, however, to say that the plaintiff did not and does not maké this question, but, on the contrary, all controversy is set at rest by the statement in the brief of plaintiff’s counsel, that:
“ A true copy of the original deed tendered to the defendant will be found in the printed record on page 25, marked ‘ C.’ This deed- was deposited with the elerl, and, when the the case was appealed, could not, for some time, be found, but was afterward found, and put in evidence on the last trial of this case, without objection, but in the argument *183 to the court the defendant’s counsel claimed that it was not the deed of the city, but that of Mr. S. J. Kintz.”
As this deed must have entered into the consideration of the court below as one of the facts of the case, it is not easy to see how this court could review its action with the bill of exceptions silent upon this subject. This deed and its sufficiency were treated by the parties as involved in the issues, and it is now too late to contend that they were not in issue.,' Woodward v. Sloan, 27 Ohio St. 592. In that case it was held that where facts alleged in an answer are not denied in the reply, and the case proceeds to trial upon the evidence, as if such facts were denied, without objection or exception, until after the judgment of the court of common pleas is affirmed by the district court, the judgment will not be reversed on the ground that the answer was not denied in the reply.
2. As already stated, the right of the city to ask a specific performance, and hence the disposition of this case, rests upon the validity of this deed, or its sufficiency to pass to Shawhan a good, marketable title to the land.
The duty of a court to decree specific performance of a contract can not be determined by any iron' rule, but depends upon the peculiar facts and equitable considerations of each ease, and rests in the sound discretion of the court, guided and regulated, so far as may be, in the exercise of that discretion, by precedent and established practice; Port Clinton R. R. Co. v. C. & T. R. R. Co., 13 Ohio St. 549 ; Willard v. Taylor, 8 Wall. 557; Waters v. Howard, 1 Md. Ch. 112 ; Ewing v. Beauchamp, 6 B. Mon. 426; 3 Pars. Con. *352 ; 2 Story Eq., sec. 724; 3 Pom. Eq. 446.
If a contract for the conveyance of real estate is in all respects fair and free from ambiguity, and its execution according to the prayer of the vendor will vest a marketable title in the purchaser, it is as much a matter of course fob a court of equity to decree specific performance of it as it is for a court of law to award damages for its breach. St. Paul’s Division v. Brown, 9 Minn. 151; King v. Hamilton, *184 4 Pet. 311; Greenaway v. Adams, 12 Ves. 395; 3 Pom. Eq., sec. 1404; 5 Waite Ac. & Def. 765.
If, however, the specific performance of the contract would be harsh and oppressive, or would leave the purchaser with a doubtful and unmarketable title, the court, in the exercise of its discretion, will refuse to decree its performance, but leave the parties to their legal remedies.
The rule is fundamental that the purchaser will not be compelled to accept a doubtful title. Ludlow v. O’Neil, 29 Ohio St. 182; Wilson v. Tappan, 6 Ohio, 172; Richmond v. Gray, 3 Allen, 27 ; Watts v. Waddle, 1 McLean, 200; Bates v. Delevan, 5 Paige, 299; Fry Specif. Perform., secs. 576, et seq.; Powell v. Conant, 33 Mich. 396; Vreeland v. Blauvelt, 23 N. J. Eq. 483; Stapylton v. Scott, 16 Ves. 272; Wilcox v. Bellaers, 12 Eng. Chan. (1 T. & R.) 495 ; Adams Eq. *84.
The reason of this rule applies with equal force where the doubt proceeds from the form of the conveyance tendered as from the title of the vendor. The effect upon the title of the purchaser is the same in either case.
3. The foregoing considerations invite inquiry into the form and effect of the deed by which the city of Tiffin undertook to 'convey this land to Shawhan.
There is no general statute in this state directing the form or manner of execution of deeds by corporations.
. “ The mode in which, at common law, corporations aggregate execute deeds, is by affixing thereto their corporate seal. 1 Bl. Com. 475; 1 Pars. Con. 140, 141; 3 Sugden on Vend. 353; Angel & Ames on Corp. 268; 15 Wend. 258.” Scott, J., in Sheehan v. Davis, 17 Ohio St. 581.
This proposition is also strongly supported by the following authorities, relating chiefly to the subject of conveyances by public corporations. De Zeng v. Beekman, 2 Hill, 489; Kinzie v. Trustees of Chicago, 2 Scammon, 187; City of San Antonio v. Gould, 34 Texas, 77. It is said in this case, by Walker J.: “A broad distinction is kept up through the authorities between trading and municipal corporations ; the former are permitted to do many things *185 in the way of simple contracts without the common seal of the corporation, w'hich municipal corporations are not allowed to do.”
At common law the signature of a corporation is its corporate seal. Doe v. Hogg, 4 Bos. & Pul. 306; Gordon v. Preston, 1 Watts, 385 ; Frankfort Bank v. Anderson, 3 A. K. Marsh. 932; Beckwith v. Windsor Manuf. Co., 14 Conn. 594.
Regarding the form of conveyances by municipal corporations, it is said by Dillon (Mun. Corp., sec. 581): “ Conveyances of real estate should, in general, be executed in the corporate name and under the corporate seal.”
In the case at bar, the deed is neither in the corporate name of the city nor under its corporate seal.
The granting clause of the deed is in these words: “ Now, therefore, I, Sylvester J. Kintz, city clerk of the city of Tiffin, by virtue of the powers in me vested by said ordinance, and in pursuance thereof, do hereby give, grant, bargain, sell and convey unto the said Rezin W. Shawhan, his heirs and assigns forever, the lands and tenements described as follows,” etc.
The deed is signed by “ Sylvester J. Kintz, city clerk, city of Tiffin,” who affixes his own private scroll seal, and the seal of the “ city clerk of Tiffin, Ohio.”
It is maintained, howevei’, in behalf of the city, that as the statutes do not prescribe the form of conveyance by the city, it was competent for the city, by its council, to prescribe by ordinance how the conveyance should be made.
Section 4 of the ordinance relied upon directs: “ That the city clerk of said city is hereby authorized and directed to make, execute and deliver ... a proper deed of conveyance, under the corporate seal of said city.”
Whether the city could lawfully invest her clerk with power to make a conveyance under her corporate seal, is a question v'hich we are not called upon to determine. It would seem, however, to be a question of sufficient doubt to call for the application of the rule already announced, *186 and justify the court below in refusing to compel the defendant to accept the deed tendered him.
By immemorial usage, if not, indeed, by our statutes, the mayor.of a municipal corporation is its chief administrative and executive officer. 1 Billon Muu. Corp. 208.
To him is confided the custody and use of its corporate seal.
The Revised Statutes (section 1745) provide that the mayor “ shall be furnished by council with the corporate seal of the corporation, in the center of which shall be the words, ‘ mayor of the city of-,’ or ‘mayor of the village of--,’ as the case may be.”
Section 1746 provides that the mayor “ shall sign all commissions, licenses, and permits granted by authority of the council, or authorized by this title, and such other instruments as by law or ordinance may require his certificate.”
Section 1764 provides that “ the city council shall cause to be provided for the clerk’s office a seal, in the- center of which shall be the name of the corporation, and around the margin the words, ‘ city clerk,’ or in case of a village, the words, ‘ corporation clerk;’ which seal shall be affixed to all transcripts, orders, certificates, or other papers which it may be necessary or proper to authenticate.”
The respective functions of the mayor and clerk in these respects would seem to be clearly defined by these provisions.
To the mayor is confided the “ corporate seal of the corporation ;” to the clerk, the seal of his office. To the mayor is confided the execution of such writings as the corporation may be called upon to issue; to the clerk, the authentication of such papers as may require it.
We can not suppose that it was ever intended or contemplated that the use of the mayor’s seal, which is the corporate seal, should be intrusted to the clerk, who is provided with a seal peculiar to his office.
If, however, we go to the extreme of holding that it was competent for the council to authorize the city clerk *187 to execute a conveyance in behalf of the city under its corporte seal, we encounter another principle which suggests grave doubt of the validity of this conveyance. It is that the execution of a power to convey land bj public officers must be in strict pursuance of the power, or no title is conveyed. Osborne v. Tunis, 1 Dutcher (N. J.), 684.
The authority conferred upon the city clerk by the ordinance was to execute “ a proper deed of conveyance under the corporate seal of said city.”
Even this authority, doubtful at best, was not pursued by the clerk.
While too great nicety and formality ought not to be exacted in the execution of title deeds, yet the highest considerations of public policy demand that the certainty and stability of the tenures by which our people hold their lands be not placed in peril by encouraging and enforcing forms and modes of conveyances so doubtful and equivocal as that now called in question. When the sufficiency of this deed was challenged, as counsel for plaintiff inform us it was, it was not too late for the plaintiff to supply a valid deed; but it saw fit to rest its ease upon the deed tendered, and invoked the action of the court upon its case as made.
This deed is worse than doubtful. It is invalid, and ineffectual to pass the title of these lands from the city of Tiffin to Shawhan. The court below very properly exercised its discretion in refusing to compel its acceptance by the defendant. Whether the city is concluded- by this judgment from still tendering a sufficient deed and demanding performance of defendant, we are not called upon to determine.

Judgment affirmed.