CHARLTON *et al. v.* WEBSTER *et al.*

(*Common Pleas of New York City and County, General Term.* February 1, 1892.)

PLEADING—COUNTER-CLAIM—FRIVOLOUS DEMURRER TO REPLY.

    A demurrer to plaintiff's reply to a counter-claim, showing performance by plaintiff of matters of contract wherein the counter-claim alleged him to be in default, admits performance of the contract by plaintiff, so that all basis for the counter-claim is thereby taken away; and, the demurrer being adjudged frivolous, judgment should be entered for plaintiff.

Appeal from special term.

Action by John Charlton and another against Georgiana F. Webster and others. From an order granting plaintiffs' motion for judgment on the ground of frivolousness of defendants' demurrer to plaintiffs' reply to a counter-claim, defendants appeal. Affirmed.

Argued before DALY, C. J., and ALLEN and BISCHOFF, JJ.

*Charles W. Klebisch,* (*Henry Wehle,* of counsel,) for appellants. *Samuel W. Weiss,* for respondents.

ALLEN, J. The order is appealable to the general term. *Elwood* v. *Roof,* 82 N. Y. 428. The action is brought to foreclose a mortgage upon certain real estate. The mortgage was made by one McInerny to plaintiffs, is dated August, 1889, and recorded August 27, 1889. By various mesne conveyances subsequent to the making and recording of the mortgage the title to the property became vested in Georgiana Webster, who is now the owner of the equity of redemption. It does not appear from the complaint what relation Thomas Webster holds to the mortgaged premises, nor does the complaint pray for any personal judgment for deficiency against him. Defendant Thomas Webster, however, answered the complaint, setting up, among other defenses, a counter-claim as follows: "For a fourth and further defense, and by way of counter-claim to plaintiffs' complaint, this defendant hereby reiterates all the facts stated in the second defense, and alleges that on the 5th day of April, 1890, the plaintiffs and this defendant entered into an agreement by the terms of which said plaintiffs undertook to supply to this defendant, for the purpose of enabling him to finish certain houses therein described, including the mortgaged premises, all the wood material required for the finishing of said houses, and which said plaintiffs had omitted to supply under their contract with said Thomas McInerny, as hereinbefore alleged; that this defendant has complied with all the terms and conditions of the said agreement on his part to be complied with; that plaintiffs have failed to comply with their part of the said agreement, and that by reason thereof the defendant has sustained great loss and injury, to his damage five thousand dollars." The plaintiffs replied to the counter-claim, denying all the averments therein contained, and then proceeded as follows: "(4) Further replying, these plaintiffs aver that on or about April 5, 1890, they entered into an agreement with said Thomas Webster, bearing date the last-mentioned day, by the terms of which they agreed to furnish said defendant Thomas Webster a small portion of trim for the houses in said agreement mentioned, as near as possible to the time it may be required; that the house on the premises mentioned in the complaint was one of the said houses; that these plaintiffs furnished all of the trim so agreed to be furnished for the house on the premises described in the complaint, and, as to the residue thereof, part has been furnished, and the remainder plaintiffs have always been ready and willing to furnish, but the same has never been required for the said buildings." To this fourth clause of the reply the defendant Thomas Webster demurred. The plaintiffs moved for judgment on the demurrer as frivolous upon the counter-claim contained in the answer. The motion was granted, and an order was entered that the motion be granted, with $10 costs, and that the plaintiffs have judgment

against the defendant Thomas Webster upon his demurrer as frivolous upon the counter-claim contained in the answer of said defendant. As we construe the defendant's counter-claim, it is based entirely upon an alleged breach of a contract of April 5, 1890. The portion of the reply demurred to set up in substance that that contract was not as stated in the answer, but was as stated in the reply; and that the contract as set forth in the reply had been fully performed. The demurrer admits this; consequently there remains no basis for the counter-claim. When the demurrer is adjudged to be frivolous, the necessary result of that adjudication is that, on the conceded facts, the defendant has no cause of action on his counter-claim, and the order directing judgment for the plaintiffs thereon was correct. The order appealed from should therefore be affirmed, with costs.

PER CURIAM. This appeal was among those heard at the May general term, 1891, and assigned for opinion to the late Judge ALLEN, but remained undisposed of at the time of his death. He had prepared a memorandum opinion, which was found among his papers, and is herewith filed. We have satisfied ourselves that the views therein expressed are correct, and caused the opinion to be prepared as above, in which we concur, crediting the opinion, however, to Judge ALLEN, as it seems to us it should so be credited.