(118 App. Div. 6)

SMITH v. THOMPSON.

(Supreme Court, Appellate Division, Second Department. March 15, 1907.)

1. MORTGAGES—FORECLOSURE—PLEADING—DEMURRER.

A demurrer to a complaint in a mortgage foreclosure action, which complaint alleged an assignment of the mortgage, but not of the bond secured by it, was not frivolous, and was improperly overruled.

2. APPEAL—DECISIONS REVIEWABLE—ORDER OVERRULING DEMURRER.

Where a final judgment was entered in a mortgage foreclosure action by direction of the court in the form of an order overruling a demurrer to the complaint as frivolous, an appeal from the judgment raised the propriety of the decision directing its entry, and did not limit the review to the question whether the judgment complied with the order, though the notice of appeal did not state an intention to review the order; the order being nonappealable, because not enumerated in Code Civ. Proc. § 1347, specifying appealable orders.

Appeal from Special Term, Kings County.

Action by Ella E. Smith against Charles D. Thompson. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Mortimer M. Menken, for appellant.
J. Stewart Ross, for respondent.

MILLER, J. This is an appeal from a final judgment in a mortgage foreclosure action, entered pursuant to the direction of the court, in the form of an order in terms overruling a demurrer as frivolous. The complaint alleges the making of a bond and a mortgage to secure the payment thereof to the St. Regis Realty Company, and the assignment of the mortgage to the plaintiff, but does not allege an assignment of the bond, and the point sought to be raised by the demurrer was that, as the mortgage was an incident to the debt, an assignment of it did not pass the debt itself. The precise question was presented by demurrer in Manne v. Carlson, 49 App. Div. 276, 63 N. Y. Supp. 162. We desire to add nothing to the opinion of Mr. Justice Ingraham in that case, and upon its authority hold that it was error to overrule the demurrer as frivolous.

A point was made upon the argument that the only question presented by the appeal is whether the judgment complies with the order directing its entry, for the reason that the notice of appeal does not state any intention to review said order. If said order be an "intermediate order," and if the appellant could have appealed from it pursuant to section 1347 of the Code of Civil Procedure, it is clear

that the appeal from the judgment, without specifying an intention to review the order, only presents the question whether the judgment conforms to the order. Code Civ. Proc. §§ 1301–1316; Reese v. Smyth, 95 N. Y. 645.

An order sustaining or overruling a demurrer is not appealable because it is not one of the orders enumerated in said section 1347. The appeal is from the judgment only. Cambridge Valley Nat. Bank v. Lynch, 76 N. Y. 514. I do not refer to the many cases decided upon the authority of that case, for the rule is so well settled that appellate courts now dismiss appeals from such orders without comment. To be sure, in such case it is held irregular to enter a formal order, as the decision is not an order; but, as bearing on the question here, can it matter that the direction for judgment is made upon a summary application, instead of at a trial? Section 247 of the Code of Procedure, from which section 537 of the Code of Civil Procedure was derived, merely provided a summary way to get the relief that formerly could be obtained only on trial. Whether the direction for judgment be in form a decision or an order, its effect is the same, i. e., a judgment, and, if in form an order, it is not "intermediate," within the meaning of section 1301 of the Code of Civil Procedure, for nothing remained to be done but to enter the judgment pursuant to its authority. Becker v. Koch, 104 N. Y. 394, 10 N. E. 701, 58 Am. Rep. 515.

In Fox v. Matthiessen, 155 N. Y. 177, 49 N. E. 673, the word "intermediate," as used in section 1316, was said to mean "between the two extremes of service of summons and entry of judgment." But that case dealt with an order denying a motion for a new trial made before the entry of judgment, and has no application to a decision, even though in the form of an order, whose only effect is an authority to enter judgment. Such direction does not seem to be an order as defined by section 767 of the Code of Civil Procedure, because it is contained in the judgment; but the Code of Civil Procedure seems to treat a direction for judgment as an order (section 1303), and it is held that it may be an order, if in form one. Elwood v. Roof, 82 N. Y. 428. But the application is "for judgment" (section 537, Code Civ. Proc.), and I can see no reason why a formal order is indispensable, or why the appeal from the judgment does not raise the propriety of the decision directing its entry, merely because that decision happens to be a formal order. In questions of practice, uniformity of rule is more important than soundness of reason for the rule.

Our research, entirely unaided by any on the part of counsel, has failed to disclose a single case even intimating that an appeal from a judgment entered for frivolousness of a demurrer does not bring up for review the propriety of the direction for its entry. On the contrary, there are decisions to the effect that, after entry of judgment, the appeal lies from the judgment alone. So far as the question involved here is concerned, sections 247 and 349 of the Code of Procedure, as amended in 1852, were the same in substance as sections 537 and 1347, respectively, of the Code of Civil Procedure, except that section 349 of the Code of Procedure, as amended in 1851, expressly provided for an appeal from an order sustaining or overruling a de-

murrer. That provision was omitted from the Code of Civil Procedure, and, in place of it, there is a provision for an appeal from the interlocutory judgment. Section 1349, Code Civ. Proc. The decisions under the Code of Procedure are not in harmony on all points, but there was no conflict, so far as I have been able to discover, upon the. point that after entry of judgment the appeal was from the judgment alone. Witherhead v. Allen, 28 Barb. 661; Parker v. Warth, 5 Hun, 417. There had been conflict on the point whether the appeal could be taken from the order before entry of judgment; some cases holding that there could be no appeal except when the order was conditional, i. e., interlocutory, some that there could be no appeal in any case, and some that there could be an appeal in any case before judgment. See Lewis v. Acker, 3 How. Prac. 414; Bauman v. N. Y. C. R. R. Co., 10 How. Prac. 218; Nolton v. Western R. R. Corp., 10 How. Prac. 97; King v. Stafford & Maxwell, 5 How. Prac. 30; Lee v. Ainslee, 1 Hilt. 277; Joannes v. Day, 3 Rob. 650; Harris v. Hammond, 18 How. Prac. 123. It was held that a judgment could not be directed under said section 247 of the Code of Procedure, where the notice of motion asked for an order, instead of a judgment. Darrow v. Miller, 5 How. Prac. 247; Rae v. Washington Mutual Ins. Co., 6 How. Prac. 21. It was even debated whether, upon the determination of such an application, the prevailing party was entitled to tax trial costs. Roberts v. Morrison, 7 How. Prac. 396; Butchers' & Drovers' Bank of Providence v. Jacobson, 22 How. Prac. 470; Pratt v. Allen, 19 How. Prac. 450.

The distinction between an order striking out the pleading and one directing judgment for the frivolousness of the pleading was pointed out by Judge Selden, in Briggs v. Bergen, 23 N. Y. 162, and the practice indicated by him was an appeal from the order in the one case, for the reason that the pleading when stricken out is no longer a part of the record, and the judgment goes by default, and, in the other case, an appeal from the judgment. The same distinction was made in Webster v. Bainbridge, 13 Hun, 180. So that it will be seen that the decision in Elwood v. Roof, supra, followed in Charlton v. Webster, 17 N. Y. Supp. 539, only settled a point upon which there had been a conflict, viz., that, where a formal order was entered, an appeal could be taken from it before the entry of judgment; but that decision in no way disturbed the rule, upon which the authorities appear to be harmonious, that, after the entry of judgment, the review is by appeal from the judgment alone, and Becker v. Koch, supra, is therefore decisive of the question.

I think the appellant has followed the practice indicated by the authorities. The point presented by the demurrer was fatal to the complaint, and the judgment should be reversed.

Judgment reversed, and case remitted to the Special Term for trial and determination, costs to abide the final award of costs. All concur.