ZEISER v. COHN et al.

(Supreme Court, Appellate Division, Third Department. May 3, 1911.)

1. PARTIES (§ 30*)—DEFENDANT—JOINDER.

　　Where one receives property of another, and agrees to pay the latter's debts to plaintiff, with interest, plaintiff could sue either, or both, and was not bound to elect between them, and sue one alone.

　　[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 41–51; Dec. Dig. § 30.*]

2. LIENS (§ 7*)—EQUITABLE LIEN—REMEDY.

　　Where one receives property from another as a consideration for an agreement to pay the latter's debts to plaintiff, the property in the hands of parties who take it by representation from the transferee, and surplus proceeds of the property on deposit with the county treasurer, may be charged in equity with the payment of plaintiff's debts.

　　[Ed. Note.—For other cases, see Liens, Cent. Dig. §§ 26–28; Dec. Dig. § 7.*]

Appeal from Trial Term.

Action by John Zeiser against Sara Oppenheim Cohn, individually, etc., and others. From a judgment for plaintiff, defendants appeal. Affirmed.

See, also, 118 App. Div. 913, 103 N. Y. Supp. 1151.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Countryman, Nellis & Du Bois, for appellant Cohn.

Humboldt M. Schlesinger, for appellant Hein.

Fletcher W. Battershall (Ainsworth & Sullivan, of counsel), for respondent.

PER CURIAM. [1] We have examined the facts, and are satisfied they well sustain the judgment. The plaintiff was not bound to elect whether he would pursue Jacob Cohn alone, or Theresa Cohn. Theresa received Jacob's property, and agreed to pay the plaintiff's debt, with interest, and the plaintiff could sue either or both.

[2] The propriety of the form of action is settled by our former decision. The record establishes that the present defendants have certain property which originally passed from Jacob Cohn to Theresa Cohn as a consideration for her agreement to pay plaintiff's debt, and that there is with the Albany county treasurer certain surplus moneys, which are the proceeds of some of the real estate conveyed by Jacob to Theresa. The parties who are beneficially interested in said property and moneys take them by representation from Theresa Cohn, and equity may well consider them charged with the payment of plaintiff's claim. A court of equity does not find it necessary to name its remedies, or the kind of relief which it is administering. It is sufficient to call it equitable relief. Under all the circumstances of this case it is equitable, as between the parties to this action, that the property and moneys in question should be charged with the plaintiff's debt.

The judgment is therefore affirmed, with costs.

SMITH, P. J., concurs in result.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes